**Ruth SHIRCK, Plaintiff**

v.

**Robert S. THOMAS, James L. Wallinger, Ronald Keyser, Edward W. Oberle, Lloyd E. Peake, Jr., Donald Ramey, George Stolley, individually and as they are members of the School Board of District No. 303, County of Tazewell, State of Illinois; William Holman, individually and as he is Superintendent of Schools of the Pekin Community High School, and Ray L. Morelli, individually and as he is Assistant Superintendent of Schools of the Pekin Community High School, Defendants.**

**Civ. A. No. P-3129.**

United States District Court,
S. D. Illinois, N. D.

July 28, 1970.

Joseph R. Napoli, Peoria, Ill., for plaintiff.

Richard N. Molchan, Peoria, Ill., for defendants.

## DECISION AND ORDER

ROBERT D. MORGAN, District Judge.

This is an action brought pursuant to the Civil Rights Act of 1871, Title 42, United States Code, Section 1983, alleging the violation of rights under the Constitution and the laws of the United States. Relief is also sought pursuant to the Federal Declaratory Judgment Act, Title 28, United States Code, Sections 2201 and 2202. Jurisdiction is founded under 28 U.S.C. §§ 1331 and 1343(3) & (4). The case is presently before the court on defendants' motion, under Rule 12(b) (6), Federal Rules of Civil Procedure, to dismiss the complaint because of plaintiff's "failure * * * to state a claim upon which relief can be granted." Since affidavits on both sides establish the material facts, the motion is treated as one for summary judgment as required by that rule. All parties have been given reasonable opportunity to present material

made pertinent to such a motion by Rule 56, Federal Rules of Civil Procedure.

The material facts are not in dispute. Plaintiff was employed as a public school teacher at the Pekin Community High School in Pekin, Illinois, on a full-time basis during the academic years of 1967–1968 and 1968–1969, and the defendants, in their public capacities, operate that school.

Under Section 24–11 of Chapter 122, Illinois Revised Statutes, plaintiff's status until the end of the 1968–1969 school year was probationary. That statute provides in pertinent part that:

"Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least 60 days before the end of such period."

By letter dated April 1, 1969, proper and timely notice under that statute was given the plaintiff that the School Board had voted unanimously not to offer her a teaching contract for the school year 1969–1970 because of failure to coordinate her teaching with other teachers to the detriment of students.

Whether the plaintiff was advised of the School Board's meeting and that she could be present and explain her position, disputed here by conflicting affidavits, is considered immaterial to the issue here presented.

■ In order to recover under 42 U.S.C. § 1983, the plaintiff must prove that the defendants have deprived her of a constitutional right "under color of law." Adickes v. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (June 1, 1970). Teachers are not relegated to a "watered-down version of constitutional rights." Garrity v. New Jersey, 385 U.S. 493, 500, 87 S.Ct. 616, 620, 17 L.Ed.2d 562 (1967); Muller v. Conlisk, —— F.2d —— (7th Cir. June 29, 1970); but a teacher must show that the defendants abridged some right, privilege or immunity within the scope of the Constitution of the United States and the Civil Rights statute on which she relies. Haines v. Kerner, 427 F.2d 71 (7th Cir. May 25, 1970). This court is fully satisfied that the plaintiff has failed to meet this initial burden and that the complaint must be dismissed with prejudice.

The plaintiff alleges no state statutory violations and it appears manifest that Ch. 122, Ill.Rev.Stat. § 24–11 was fully complied with. The gravamen of the complaint, therefore, must be that defendants' full compliance with this statute violated plaintiff's constitutional rights. This court does not agree.

■ There is no constitutional right to initial public employment or to permanent employment while the employment is probationary. The "tenure" laws provide additional protection for teachers *after* successful completion of probation. Under the circumstance here, the alleged violations of the First and Fourteenth Amendments asserted by the plaintiff are entirely specious. This court holds that a complaint by a former probationary school teacher, stating only that she was dismissed upon proper notice and in conformity with state law, fails to state a cause of action for which relief may be granted. Parker v. Board of Education, 237 F.Supp. 222 (D.Md. 1965), aff'd 348 F.2d 464 (4th Cir. 1965), cert. denied, 382 U.S. 1030, 86 S.Ct. 653, 15 L.Ed.2d 543 (1966), rehearing denied, 383 U.S. 939, 86 S.Ct. 1071, 15 L.Ed.2d 857 (1966). Cases cited by plaintiff are inapposite in that they all involve persons on academic tenure. E. g., Whitner v. Davis, 410 F.2d 24 (9th Cir. 1969). See also Keefe v. Geanakos, 418 F.2d 359, 362 (1st Cir. 1969). Probationary employment is specifically provided for a qualifying trial period in which preliminary scrutiny must be allowed to determine the person's fitness for permanent appointment. Elder v. Board of Education, 60 Ill.App.2d 56, 208 N.E.2d 423 (1st Dist. 1965). The efficacy of a probationary period of em-

ployment with provision for summary dismissal within that period has been fully recognized in other governmental occupations. Jaeger v. Freeman, 410 F. 2d 528 (5th Cir. 1969); Medoff v. Freeman, 362 F.2d 472 (1st Cir. 1966). The same considerations are clearly applicable to probationary teachers and the determinations rest with the duly constituted public school authorities.

It is clear that the courts should not and must not intervene in the resolution of conflicts which arise in the daily operation of school systems which do not directly and sharply implicate basic constitutional rights, Epperson v. Arkansas, 393 U.S. 97, 104, 89 S.Ct. 266, 21 L.Ed. 2d 228 (1968).

Accordingly, the defendants' motion to dismiss the complaint is granted and the complaint is dismissed with prejudice.