**Donn W. HENSON, Thomas L. Marlett, Nancy Stuart, and St. Francis Education Association, a voluntary association, Plaintiffs,**

**v.**

**CITY OF ST. FRANCIS, School District #6, City of St. Francis, School Board of School District #6, City of St. Francis, Charles J. Lacke, individually and as Superintendent of Schools, School District #6, City of St. Francis, Dr. Ralph Wichgers, individually and as President of School Board of School District #6, Raymond Calteux, individually and as Clerk of School Board of School District #6, Rudolph T. Hoppe, individually and as Treasurer of School Board of School District #6, Norman F. Easey, individually and as member of School Board of School District #6, George S. Verzowski, individually and as member of School Board of School District #6, City of St. Francis, Wisconsin, Defendants.**

**No. 70–C–278.**

United States District Court, E. D. Wisconsin.

Nov. 30, 1970.

On Motion to Modify Order Jan. 18, 1971.

Hayes, Peck, Perry & Gerlach by Richard Perry, Milwaukee, Wis., for plaintiffs.

Quarles, Herriott, Clemons, Teschner & Noelke by James Urdan, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The court has before it the defendants' motion to dismiss the complaint. The plaintiffs in this action are three teachers and the voluntary education association that represents them. The complaint alleges that in February, 1970, the defendants decided, "without any lawful reason and without any lawful basis in fact," not to renew the plaintiffs-teachers' contracts for the forthcoming school year.

Although the complaint asserts that the school board's decision was made "without any notice or opportunity to the individual plaintiffs to be heard", it is clear that each of the plaintiffs subsequently was granted a private hearing before the school board. On March 12, 1970, the school board voted not to renew the plaintiffs' teaching contracts. At no time, the plaintiffs allege, have the defendants honored their requests for a written statement of the reasons for the board's actions.

The plaintiffs seek damages, reinstatement, and a declaration that the defendants' actions were without a lawful basis in fact and resulted in a denial of the plaintiffs' fourteenth amendment rights. In addition, the plaintiffs seek to enjoin the dismissal or nonretention of any teacher without a hearing that comports with the requirements of due process of law. This court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331(a), 1343 (3) and (4), 2201 and 2202, and 42 U.S.C. §§ 1983 and 1985(3).

The defendants' motion to dismiss is based on the defendants' contention that this court lacks both personal and subject matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted. On July 13, 1970, this court ordered the action dismissed as to the city of St. Francis only, pursuant to a stipulation by the parties.

To the extent that the plaintiffs seek damages against the school district and the school board, the action must be dismissed. These defendants are not "persons" within the meaning of that term as used in 42 U.S.C. §§ 1983 and 1985. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Spampinato v. City of New York, 311 F.2d 439 (2d Cir. 1962), cert. denied, 372 U.S. 980, 83 S.Ct. 1115, 10 L.Ed.2d 144 (1963), rehearing denied, 374 U.S. 818, 83 S.Ct. 1699, 10 L.Ed.2d 1042 (1963); Agnew v. City of Compton, 239 F.2d 226 (9th Cir. 1956), cert. denied, 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957); Abel v. Gousha, 313 F.Supp. 1030 (E.D.Wis.1970).

On the other hand, and in spite of the defendants' assertions of immunity, the plaintiffs' demands for equitable relief (as distinguished from damages) are not precluded by Monroe v. Pape and the other cases cited. This facet of the case is governed by the holding in Schnell v. City of Chicago, 407 F.2d 1084, 1086 (7th Cir. 1969), where the court of appeals ruled that injunctive relief is appropriate under § 1983. See also Gouge v. Joint School Dist. No. 1, 310 F.Supp. 984, 989 (W.D.Wis.1970). Thus, the doctrine of immunity does not entitle the school district and the school board to dismissal with respect to the plaintiffs' demands for equitable relief.

The plaintiffs' action against the school board members in their individual capacities must fail. The only activity referred to in the pleadings that might constitute individual action on the part of a defendant was the sending of

letters by the school superintendent to the plaintiffs. However, those letters were actually statements of collective board action and were undoubtedly sent by the superintendent in his representative capacity. See Abel v. Gousha, 313 F.Supp. 1030 (E.D.Wis.1970). While it is possible that the grounds for the school board's action emanated from the superintendent, there is no allegation to this effect in the complaint, and especially there is no allegation that these grounds were constitutionally impermissible ones.

The motion to dismiss requires this court to determine whether the complaint alleges a valid action against the school district and the school board for equitable relief. The defendants are charged with liability under both 42 U.S.C. §§ 1983 and 1985(3). Generally, § 1983 protects constitutional rights from infringement by persons acting under state or federal authority, and § 1985(3) imposes liability for conspiracy when the object of the conspiracy is the denial of the equal protection of the laws. The defendants' liability under each of these two sections will be discussed separately.

The only allegations of fact found in the complaint which might reasonably refer to violations of the plaintiffs' rights under § 1983 relate to *procedural* due process. Although the plaintiffs allege that they were deprived of their fourteenth amendment rights by being discharged "arbitrarily and without fundamental due process", the complaint is devoid of any allegation that the defendants' refusal to rehire the plaintiffs resulted from the latters' attempts to exercise their constitutionally protected freedoms. I believe it is clear, however, in the case at bar that there is no latent claim that first amendment rights were violated. In this respect, the case is different from St. Laurent v. Gousha, 313 F.Supp. 1033 (E.D.Wis.1970).

A fair reading of the complaint demonstrates that the prime element in the alleged denial of due process is the refusal of the defendants to give the plaintiffs *written* reasons for the board's

decision not to renew the plaintiffs' contracts. In a letter dated March 13, 1970, the superintendent wrote to the plaintiffs, in part:

"Your request for written specifications for non-renewal is denied. It is not in the best interest of the teacher to give written specifications of reasons for non-renewal. This could be detrimental if put into permanent files of the teacher."

Exhibits B, D, and E further substantiate the conclusion that the gravamen of the complaint with reference to § 1983 is the alleged absence of procedural due process.

The plaintiffs urge that even non-tenured teachers are entitled, as a matter of constitutional right, to a statement of reasons for non-retention and a hearing thereon. This view is supported by Orr v. Trinter, 318 F.Supp. 1041 (S.D.Ohio, 1970); Roth v. Board of Regents of State Colleges, 310 F.Supp. 972 (W.D. Wis.1970); Gouge v. Joint School Dist. No. 1, 310 F.Supp. 984 (W.D.Wis. 1970). In the last-mentioned case at page 991, the court stated that:

" * * * even though the reason for nonrenewal is not a constitutionally impermissible reason, [a teacher] is nevertheless protected from a decision which is wholly without basis in fact and also from a decision which is wholly unreasoned."

In Roth, 310 F.Supp. at p. 980, the court expressed its conclusions in the following terms:

"I hold that minimal procedural due process includes a statement of the reasons why the university intends not to retain the professor, notice of a hearing at which he may respond to the stated reasons, and a hearing if the professor appears at the appointed time and place."

Notwithstanding the foregoing three decisions, there is an impressive line of cases which holds that a school board's authority not to rehire a non-tenured teacher is unrestricted so long as the reasons for non-retention are not

based on constitutionally impermissible grounds. Thaw v. Board of Public Instruction, 432 F.2d 98 (5th Cir. 1970); DeCanio v. School Committee, 260 N. E.2d 676 (Mass.1970); Freeman v. Gould Special School Dist., 405 F.2d 1153 (8th Cir. 1969); Jones v. Hopper, 410 F.2d 1323 (10th Cir. 1969); Shirck v. Thomas, 315 F.Supp. 1124 (S.D.Ill. 1970); see Note, 1970 Wis.L.Rev. 162, 170.

Two very recent decisions of the court of appeals for the fifth circuit also support the defendants' contention that a non-tenured teacher is not entitled to a hearing unless the termination is believed to involve an infringement of freedom of speech or some other constitutionally protected right. Lucas v. Chapman, 430 F.2d 945 (5th Cir. 1970), and Sindermann v. Perry, 430 F.2d 939 (5th Cir. 1970). In Lucas, the court stated (430 F.2d at p. 947):

" * * * the asserted reason for termination involved a possible collision with Lucas' First Amendment rights. A hearing was mandatory, if desired by Lucas. But where the only matter in issue is a difference of view over a school board's exercise of judgment and discretion concerning matters non-constitutional in nature, the board is not required to conduct a hearing."

In the DeCanio case, the supreme judicial court of Massachusetts expressly rejected the reasoning of both Roth and Gouge and upheld as constitutional a Massachusetts statute which provided for a hearing on the dismissal of a teacher with tenure, but did not provide for such hearing when the teacher was in a probationary status.

While the predominant authority supports the view that a non-tenured teacher is not entitled to a hearing in the absence of an allegation that his non-retention was based on impermissible constitutional grounds, it is not necessary, in my opinion, for the court in this case to select one line of authority or the other. This stems from the fact that I find that the record discloses that ample procedural due process was, in fact, af-

forded to the plaintiffs in the case at bar.

Exhibit A, attached to the complaint, shows that the defendants complied with the requirements of § 118.22(3), Wis. Stats. It is also clear from the face of the complaint and the exhibits attached thereto that each of the plaintiffs was given a hearing with the school board. While the complaint does not affirmatively state that the reasons for non-retention were *orally* given, such conclusion is irresistible from the fact that the issue raised in the complaint is the school board's refusal to supply *written* reasons. Exhibit D, attached to the complaint, is a letter written by the superintendent of schools to one of the plaintiffs in which it is asserted that the "request for written specifications for nonrenewal is denied". The letter goes on to state "The Board is advised that the oral presentation conforms to the statuatory [sic] requirements of a conference."

■ In my opinion, procedural due process, even under the standards of Orr, Roth, and Gouge, do not require *written* notification of the reasons for non-retention of the plaintiffs. A fortiori, if this court were to apply the reasoning of such decisions as DeCanio, Sindermann, Freeman, and Jones, the use of written reasons would be non-essential.

■ Accordingly, it is my conclusion that the plaintiffs have failed to allege liability on the part of the defendants under § 1983, and the motion to dismiss in this regard must be granted.

■ As to the plaintiffs' alleged cause of action under § 1985(3), it is noted that such section runs only to conspiracies that result in a denial of the equal protection of the law and does not embrace a denial of due process. Collins v. Hardyman, 341 U.S. 651, 661, 71 S.Ct. 937, 95 L.Ed. 1253 (1951). There is no allegation in the complaint that there was a purposeful intent on the part of the defendants to discriminate against the plaintiffs to deny them privileges

and immunities guaranteed them by the law. See Snowden v. Hughes, 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Cohen v. Norris, 300 F.2d 24, 27 (9th Cir. 1962). For this reason, it is necessary to dismiss the plaintiffs' claim under § 1985(3).

Now, therefore, it is ordered that the defendants' motion to dismiss the complaint be and hereby is granted.

And it is further ordered that the plaintiffs' action be and hereby is dismissed.

## ON MOTION TO MODIFY ORDER

With the filing of an appeal in this case on December 30, 1970, the court was divested of jurisdiction to resolve the plaintiffs' motion filed on December 14, 1970, requesting the court to change or modify its order of November 30, 1970. The last brief submitted in connection with the motion was received by this court on December 22, 1970.

By an order dated January 8, 1971, the court of appeals authorized me to decide the pending motion. It is my conclusion that the motion should be denied.

I have considered the recent decision of the court of appeals for the first circuit in Drown v. Portsmouth School District, 435 F.2d 1182 (decided December 18, 1970). In that case, the court decided that a non-tenured teacher is entitled to a *written* explanation of the reasons for his non-retention, but he is not entitled to an administrative hearing. This case generally supports the plaintiffs' position, but it does not establish that there was any mistake in this court's decision nor that the order was based upon any excusable inadvertence in the preparation of the pleadings.

In paragraph 4, page 2 of the plaintiffs' motion papers, it is asserted that the "oral statements profferred [sic] by the Superintendent" were vague and imprecise. In my opinion, that statement reinforces the court's interpretation that oral reasons for non-retention were, in fact, provided to the plaintiffs.

Now, therefore, it is ordered that the plaintiffs' motion be and hereby is denied and that the instant order be certified to the court of appeals as a supplement to the record on appeal.