George **W. DERBY**, Plaintiff,

v.

The **UNIVERSITY OF WISCONSIN**
et al., Defendants.

No. 70–C–729.

United States District Court,
E. D. Wisconsin.

April 14, 1971.

Brown, Clack & Whitnall by Manny S. Brown, Racine, Wis., for plaintiff.

Robert W. Warren, Atty. Gen. by David J. Hanson, Asst. Atty. Gen., Madison, Wis., for defendants.

## ORDER

MYRON L. GORDON, District Judge.

The plaintiff in this action has moved for a preliminary injunction; briefs have been received from both sides and, in addition, the defendants have filed their answer to the plaintiff's complaint.

The complaint alleges that the plaintiff was a non-tenured instructor at the University of Wisconsin's Parkside campus and that in May, 1968, he was notified that his employment would be terminated in June of 1969; however, the plaintiff was allowed to teach on a part-time basis during the 1969–1970 school year, at the end of which period his employment by the defendants ceased entirely. The plaintiff contends that his dismissal was without "any reason, justification of any sort or basis in fact" and that he has been denied procedural due process in that the defendants have refused to grant him a hearing. The plaintiff further asserts that he has been deprived of his "expectancy of continued employment." Both damages and reinstatement are sought.

The complaint also alleges that the defendants "conspired" to deny the plaintiff employment, although only 42 U.S.C. § 1983 is cited as a basis for this court's jurisdiction. There is no allegation to the effect that the defendants' decision was in retaliation for the exercise by the plaintiff of constitutionally protected activity.

In Hanley v. Volpe, 305 F.Supp. 977, 982 (E.D.Wis.1969), this court referred to the four factors which should be considered in determining whether a preliminary injunction should be granted:

"1. Has the petitioner made a strong showing that he is likely to prevail on the merits [of his case]?

"2. Has the petitioner shown that he will be irreparably injured if the preliminary relief is not granted?

"3. Would the injunction substantially harm other parties?

"4. Where does the public interest lie?"

■ The "power to issue a preliminary injunction, especially a mandatory one, should be 'sparingly exercised.'" Dorfmann v. Boozer, 134 U.S.App.D.C. 272, 414 F.2d 1168, 1173 (1969); see also Crowther v. Seaborg, 415 F.2d 437, 439 (10th Cir. 1969); Schroeder Nursing Care, Inc. v. Mutual of Omaha Ins. Co., 305 F.Supp. 322, 324 (E.D.Wis. 1969); Norwalk Core v. Norwalk Bd. of Education, 298 F.Supp. 203, 207 (Conn. 1968).

■ The plaintiff's brief contains an extensive discussion of authorities which he claims support his contention that he has a valid cause of action against the defendants; nevertheless, it is my opinion that there is substantial doubt as to the plaintiff's ability ultimately to prevail.

The principal reason for my doubts as to the plaintiff's likelihood of success stems from the fact that he is a non-tenured teacher who makes no claim that he was discharged for reasons related to first amendment rights. Instead, Mr. Derby contends that the reason for his dismissal, which was contained in a letter of May 2, 1968, from Dean Albert E. May, is vague, arbitrary, "without basis in fact", and "wholly unreasoned"; however, the letter states that it confirmed "our recent conversation." In Henson v. City of St. Francis, 322 F.Supp. 1034, 1037 (E.D.Wis.1970), this court stated:

"Notwithstanding [Orr v. Trinter, 318 F.Supp. 1041 (S.D.Ohio, 1970), Roth v. Board of Regents of State Colleges, 310 F.Supp. 972 (W.D.Wis. 1970), and Gouge v. Joint School Dist. No. 1, 310 F.Supp. 984 (W.D.Wis. 1970)], * * * there is an impressive line of cases which holds that a school board's authority not to rehire a non-tenured teacher is unrestricted so long as the reasons for non-retention are not based on constitutionally impermissible grounds. Thaw v. Board of Public Instruction, 432 F.2d 98 (5th Cir., [decided September 22,] 1970); Decanio v. School Committee, 260 N.E.2d 676 (Mass.1970); Freeman v. Gould Special School Dist., 405 F.2d 1153 (8th Cir. 1969); Jones v. Hopper, 410 F.2d 1323 (10th Cir. 1969); Shirck v. Thomas, 315 F. Supp. 1124 (S.D.Ill.1970); see Note, 1970 Wis.L.Rev. 162, 170.

"Two very recent decisions of the court of appeals for the fifth circuit also support the defendants' contention that a non-tenured teacher is not entitled to a hearing unless the termination is believed to involve an infringement of freedom of speech or some other constitutionally protected right. Lucas v. Chapman, 430 F.2d 945 (5th Cir. 1970), and Sindermann v. Perry, 430 F.2d 939 (5th Cir. 1970)."

■ In addition, it is noted that the plaintiff seeks monetary damages. Because the members of the Board of Regents appear to have acted only in a representative capacity, it is unlikely that the action against them for damages in their individual capacities could be sustained; of the remaining defendants, only Chancellor Wyllie is likely to be a "person" within the meaning of that term as used in 42 U.S.C. § 1983, and under Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). See Abel v. Gousha, 313 F.Supp. 1030 (E.D.Wis.1970). It is clear, however, that equitable relief may be sought from all of the named defendants. See Henson v. City of St. Francis, supra.

Therefore, it is ordered that the plaintiff's motion for a preliminary injunction be and hereby is denied.