George W. **DERBY**, Plaintiff,

v.

The **UNIVERSITY OF WISCONSIN** et al., Defendants.

No. 70-C-729.

United States District Court, E. D. Wisconsin.

Jan. 28, 1972.

**600**

Brown, Clack & Whitnall by William Whitnall, Racine, Wis., for plaintiff.

Robert W. Warren, Atty. Gen. by Betty Brown, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss the complaint. The nature of the action was described in this court's order of April 14, 1971, 325 F.Supp. 163, in which the plaintiff's application for a preliminary injunction was denied. Reference was made in the latter order to Henson v. City of St. Francis, 322 F. Supp. 1034 (E.D.Wis.1970), wherein the court determined that an action by a non-tenured teacher should be dismissed.

■ In *Henson*, this court discussed Roth v. Board of Regents, 310 F. Supp. 972 (W.D.Wis.1970), and noted that "the predominant authority supports the view that a non-tenured teacher is not entitled to a hearing. . . ."; however, since the date of my decision in *Henson*, the court of appeals for the seventh circuit affirmed the district court's order in *Roth*. See 446 F. 2d 806 (7th Cir. 1971). Although *Roth* is now pending before the United States Supreme Court, I deem myself bound by the existing ruling of the court of appeals for this circuit. Accordingly, the defendants' motion to dismiss on the ground that the complaint fails to state a cause of action may not be granted.

■ Since equitable relief is sought, the members of the board of regents and Chancellor Wyllie are, in my opinion, proper parties defendant. Schnell v. City of Chicago, 407 F.2d 1084, 1086 (7th Cir. 1969). However, the action may not be maintained against the University of Wisconsin or the University of Wisconsin-Parkside since they are not natural or corporate persons. They are not "persons" within the meaning of 42 U.S.C. §§ 1983 and 1985. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Spampinato v. City of New York, 311 F.2d 439 (2d Cir. 1962), cert. denied, 372 U. S. 980, 83 S.Ct. 1115, 10 L.Ed.2d 144 (1963); Abel v. Gousha, 313 F.Supp. 1030 (E.D.Wis.1970).

I conclude that this court has jurisdiction of the subject matter of this action and that the complaint states a cause of action. I also conclude that the court has jurisdiction over all of the defend-

ants except the University of Wisconsin and the University of Wisconsin-Parkside.

Now, therefore, it is ordered that the defendants' motion to dismiss be and hereby is denied in all respects except that the motion to dismiss of the defendants University of Wisconsin and University of Wisconsin-Parkside be and hereby is granted.