302

UNITED STATES, Appellant,

v.

Jonathan N. HOLLOWAY, Private First Class U.S. Marine Corps, Appellee.

No. 93–5010.
CMR No. 92 0186.

U.S. Court of Military Appeals.

Argued July 12, 1993.
Decided Sept. 29, 1993.

For the United States: *Lieutenant Scott A. Browne*, JAGC, USNR (argued); *Colonel T.G. Hess*, USMC and *Lieutenant Commander S.A. Stallings*, JAGC, USN (on brief).

For the Accused: *Lieutenant David P. Sheldon*, JAGC, USNR (argued).

*Opinion of the Court*

GIERKE, Judge:

A military judge sitting as a special court-martial convicted Private First Class Holloway of three specifications of unauthorized absence, one terminated by apprehension, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. The approved sentence provides for a bad-conduct discharge, confinement and forfeiture of $500.00 pay per month for 4 months, and reduction to pay grade E–1.

On August 1, 1991, after his third unauthorized absence, Holloway surrendered to military authorities and was placed in pretrial confinement. On August 7, 1991, a probable-cause hearing was held by a military magistrate in accordance with RCM 305(i), Manual for Courts–Martial, United States, 1984. The magistrate determined that continued pretrial confinement was warranted, so Holloway remained confined until his court-martial on October 15, 1991.

At trial, Holloway's defense counsel moved for 5 days' additional pretrial-confinement credit on the ground that Holloway's pretrial confinement from August 3 to 7 was illegal in light of *County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). The military judge denied the motion on the ground that *McLaughlin* did not apply to military pretrial confinement procedures. On March 3, 1993, the Court of Military Review (en banc) agreed with the defense and reassessed Holloway's sentence to provide equivalent relief for his 5 days of illegal pretrial confinement. 36 MJ 1078. In response, the Acting Judge Advocate General of the Navy certified the following issues for review by this Court:

I

DID THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW CORRECTLY CONCLUDE THAT THE COMMANDING OFFICER'S PROBABLE CAUSE REVIEW PURSUANT TO RCM 305(c), (d) AND (h)(2)(A), (h)(2)(B) OF THE 1984 MANUAL FOR COURTS-MARTIAL CANNOT SATISFY THE REQUIREMENTS OF *GERSTEIN V. PUGH*, 420 U.S. 103, 95 S.CT. 854, 43 L.Ed.2d 54 (1975) AND *[COUNTY OF] RIVERSIDE V. McLAUGHLIN*, 500 U.S. 44, 111 S.CT. 1661, 114 L.Ed.2d 49 (1991)?

II

EVEN IF THIS COURT AGREES WITH THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW THAT A COMMANDING OFFICER IS INCAPABLE OF ACTING IN A NEUTRAL AND DETACHED MANNER FOR EITHER ORDERING AN ACCUSED CONFINED OR REVIEWING THE PRETRIAL CONFINEMENT DECISION, IS THE SEVEN DAY PERIOD OF REVIEW AUTHORIZED UNDER RCM 305(i) NEVERTHELESS REASONABLE GIVEN THE UNIQUE NATURE AND FUNCTION OF THE MILITARY AND THE LESSENED DETRIMENTAL IMPACT OF PRETRIAL CONFINEMENT UPON A MILITARY ACCUSED?

In *United States v. Rexroat*, 38 MJ 292 (CMA 1993), we held that the 48–hour time limit for the initial probable-cause review of pretrial confinement which was imposed in *County of Riverside v. McLaughlin, supra,* was applicable to the military services. 38 MJ at 295. We also held that either the unit commander's initial determination of probable cause in accordance with RCM 305(d) or review of pretrial confinement in accordance with RCM 305(h) can satisfy *Gerstein* if the commander qualifies as a neutral and detached magistrate. 38 MJ at 298.

Although the record before us reflects that Holloway's commander was not the formal accuser on the charge sheet, we cannot ascertain which commander ordered him into confinement, whether that officer was "directly or particularly involved in the command's law enforcement function," *United States v. Lynch*, 13 MJ 394, 397 (CMA 1982), and when or by whom the RCM 305(h) review was completed. Additional factfinding is thus required.

 The first certified question is answered in the negative. Either a commander's probable-cause determination pursuant to RCM 305(d) or the probable-cause review pursuant to RCM 305(h) can satisfy *Gerstein* if the commander is neutral and detached. Either can satisfy *McLaughlin* if conducted within 48 hours.

 The second certified question is answered as follows: The 7–day period for conducting the RCM 305(i) review is reasonable to comply with the *Courtney* "bail hearing," but the initial probable-cause review must be completed within the *McLaughlin* time limits.

The decision of the United States Navy–Marine Corps Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for a determination of whether the commander who ordered pretrial confinement in accordance with RCM 305(d) was neutral and detached;

when and by whom the pretrial confinement was reviewed in accordance with RCM 305(h); and whether the commander who conducted the RCM 305(h) review was neutral and detached. Thereafter, the record will be returned directly to this Court for further review.

Judges CRAWFORD and WISS concur.

COX, Judge (concurring in part and dissenting in part):

For the reasons stated in my separate opinion in *United States v. Rexroat,* 38 MJ 292 (CMA 1993), I agree that a commander can conduct the probable-cause hearing, but I dissent as to remedy. Holloway has long since served his sentence to confinement. Further proceedings are unnecessary. Even if the commander who authorized the pretrial confinement were not neutral and detached, the import of the extra credit on the overall sentence is negligible. *De minimis non curat lex.* Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a).

SULLIVAN, Chief Judge (dissenting):

The commander who initially ordered pretrial confinement is not a neutral and detached magistrate for purposes of *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), and *County of Riverside v. McLaughlin,* 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). *See United States v. Malia,* 6 MJ 65, 66–67 (CMA 1978). This Court's decision in *United States v. Lynch,* 13 MJ 394 (CMA 1982), did not alter this precedent. To the extent that this Court in *United States v. Rexroat,* 38 MJ 292 (CMA 1993), reverses this precedent and permits a hearing under *United States v. DuBay,* 17 USCMA 147, 37 CMR 411 (1967), in this case, I dissent.