**UNITED STATES**

v.

**Justin D. BELL, 430–59–0978, Quartermaster Second Class (E–5), U.S. Navy.**

**NMCM 93 00845.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 7 April 1993.

Decided 31 May 1996.

LT Gerard Wm. Wittstadt, Jr., JAGC, USNR, Appellate Defense Counsel.

LT Abby B. Hogan, JAGC, USN, Appellate Government Counsel.

Before McLAUGHLIN and DeCICCO, Senior Judges, and LUCAS, J.

LUCAS, Judge:

We have examined the record of trial, the assignments of error [1], and the Government's response thereto, and we have concluded that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. We hold that there was no illegal pretrial confinement and no prejudice suffered by the appellant because of substantial post-trial review delay.

Pursuant to his pleas, the appellant was convicted by a general court-martial of multiple violations of the Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 801 *et seq.* His sentence included a punitive discharge and confinement for 24 months, 12 of which were suspended by the convening authority in accordance with the terms of a pretrial agreement.

■ We begin with an examination of Assignment of Error II. At trial, the appellant made a timely motion for appropriate relief, arguing that he had been subjected to 3 days of illegal pretrial confinement because of a violation by the Government of the requirement imposed by *County of Riverside v. McLaughlin,* 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), and *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), for a neutral and detached judicial probable cause determination within 48 hours of the inception of pretrial confinement, absent extraordinary circumstances warranting further delay.

The appellant had been suspected of committing a series of burglaries and was restricted to his ship pending an investigation. He promptly left the ship without authority and remained away for 19 days. When he returned to the ship, he was ordered into pretrial confinement by the ship's command duty officer, a Navy lieutenant. Three days later, the appellant's commanding officer reviewed the command duty officer's initial confinement decision in accordance with Rule for Courts–Martial [R.C.M.] 305(h), Manual for Courts–Martial, United States [MCM] 1984, and continued the confinement. Two days after that, an independent Initial Review Officer [IRO] conducted the required R.C.M. 305(i) review of the initial confinement decision.

At trial, the appellant argued that since the IRO review pursuant to R.C.M. 305(i) was conducted 5 days after pretrial confinement began, and because *McLaughlin* established a 48-hour rule for a neutral and detached judicial probable cause determination regarding pretrial confinement, he was therefore subjected to 3 days of illegal pretrial confinement. The trial judge summarily denied the appellant's motion for appropriate relief.

Following his trial, and as he was serving adjudged confinement, this Court, citing its decision in *United States v. Holloway,* 36 M.J. 1078 (N.M.C.M.R.1993) [*Holloway I* ], granted a request by the appellant for extraordinary relief based on the alleged *McLaughlin* violation and ordered the Government to provide the appellant 3 days credit against adjudged confinement before all confinement was served, unless *Holloway I* was reversed by our superior Court in the interim. This Court, in *Holloway I,* held that a commanding officer is *per se* disqualified from being neutral and detached and therefore could not fulfill the requirements of *Gerstein* and *McLaughlin.*

When this Court issued the writ of mandamus for the appellant directing 3 days administrative credit, it, in effect, held that neither the officer who ordered the appellant into pretrial confinement, the ship's command duty officer, nor the appellant's commanding officer, who reviewed the command duty officer's decision 3 days later, were qualified to

---

1. I. APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY REVIEW OF HIS COURT–MARTIAL BY THE MORE THAN TWO YEAR DELAY BETWEEN SENTENCING AND THE CONVENING AUTHORITY'S ACTION.

II. THE GOVERNMENT FAILED TO COMPLY WITH AN ORDER OF THIS COURT

GRANTING CREDIT AGAINST CONFINEMENT. (Citations omitted.)

III. THE RECORD OF TRIAL IS MISSING THE REVERSE SIDE OF THE CHARGE SHEET. (Footnote and citation omitted.)

act as neutral and detached officials permitted to make the judicial determination of probable cause as required by *McLaughlin* and *Gerstein*.

Apparently, in issuing its order, this Court anticipated that the convening authority would provide the appellant with the 3–day credit when he took his post-trial action pursuant to Article 60, UCMJ. Unfortunately, the convening authority did not take his post-trial action until 2 years after trial. As a result, the appellant served all his confinement without getting the benefit of the 3–day credit ordered by this Court.

The appellant contends that he was therefore prejudiced by the inordinate and unexplained 2–year delay between the date of trial and date of convening authority's action. As relief, the appellant asks that we set aside the findings and sentence; or, at a minimum, his punitive discharge. We do not agree that the appellant has been prejudiced.

*Gerstein* established the requirement for a prompt, neutral and detached judicial determination of probable cause in all pretrial detention cases. *Gerstein* was applied to the military in *Courtney v. Williams*, 1 M.J. 267 (C.M.A.1976). *McLaughlin* established a bright-line rule by indicating that "prompt" means 48 hours. *McLaughlin* was applied to military practice by *United States v. Rexroat*, 38 M.J. 292 (C.M.A.1993), *cert. denied*, 510 U.S. 1192, 114 S.Ct. 1296, 127 L.Ed.2d 648 (1994). Rule for Court–Martial 305 was established so that the military would be brought into compliance with *Gerstein* and *Courtney v. Williams*. *Rexroat*, 38 M.J. at 295.

In addition, in *Rexroat*, our superior Court held that a commander's initial determination of probable cause for pretrial confinement pursuant to Article 9(d), UCMJ, R.C.M. 304(b), and R.C.M. 305(d) at the time the commander makes the confinement decision, or a commander's probable cause review pursuant to R.C.M. 305(h) could both satisfy the requirements of *McLaughlin* and *Gerstein* if the commander is neutral and detached and the commander's actions are taken within 48 hours of confinement. *Rexroat*, 38 M.J. at 298. See also, *United States v. Lynch*, 13 M.J. 394 (C.M.A.1982). Until the *Rexroat*

decision, there had been substantial debate about whether a commanding officer is constitutionally qualified to make the required neutral and detached judicial probable cause determination regarding pretrial confinement. Following *Rexroat*, it became clear that a commander's compliance with R.C.M. 305(d) or R.C.M. 305(h), and an IRO's compliance with R.C.M. 305(i), can all satisfy the requirements of *Gerstein* and *McLaughlin* provided the official is in fact neutral and detached and the 48–hour rule is complied with.

Additionally, and very importantly for the appellant's case, the *Rexroat* court held that a commissioned officer who was not the confinee's commanding officer and who was not officially assigned duties as an IRO, but who nevertheless had the power to order pretrial confinement under Article 9(d), UCMJ, and R.C.M. 304(b), and who was neutral and detached, could also satisfy *Gerstein* and *McLaughlin*. *Rexroat*, 38 M.J. at 294.

When this Court issued its June 1993 order requiring the 3–day credit, it did not have the benefit of *Rexroat*.

Furthermore, following *Rexroat*, our superior Court in *United States v. Holloway*, 38 M.J. 302 (C.M.A.1993) [*Holloway II* ], confirmed that either the initial determination of probable cause made by a neutral and detached commander in accordance with R.C.M. 305(d), or a commander's review, in accordance with R.C.M. 305(h), of the initial pretrial confinement decision can satisfy *Rexroat* provided the 48–hour rule is complied with. *Holloway II*, 38 M.J. at 303. But, because the *Holloway II* Court could not determine from the record who ordered Holloway into pretrial confinement in accordance with R.C.M. 305(d), whether that official was directly or particularly involved in the command's law enforcement function, or when and by whom R.C.M. 305(h) review was completed, it could not determine whether either of those officials were neutral and detached as required by *McLaughlin* and *Gerstein*. The case was remanded for answers to those questions.

Every question raised by our superior Court in *Holloway II* is answered in the

appellant's record. There is no need, therefore, to remand the appellant's case. The appellant was ordered into pretrial confinement by the ship's command duty officer because of the appellant's unauthorized absence. Three days later, the appellant's commanding officer reviewed that confinement decision.

As a commissioned officer, the command duty officer was authorized to order the appellant into pretrial confinement pursuant to Article 9(d), UCMJ, and in accordance with R.C.M. 304(b) and R.C.M. 305(d). A ship's command duty officer stands in place of the commanding officer and, like the commanding officer, is not ordinarily a person directly or particularly involved in the command's law enforcement function. Just as the commanding officer was, the command duty officer was therefore constitutionally qualified to make the judicial probable cause determination regarding pretrial confinement. *See Rexroat*, 38 M.J. at 297; *United States v. Lynch*, 13 M.J. at 397. Additionally, we find that the command duty officer and commanding officer were, in fact, both neutral and detached.

Because the appellant's commanding officer was neutral and detached and qualified to make the judicial probable cause review regarding the initial pretrial confinement decision, the rule in *Gerstein* was therefore satisfied by him 3 days after the appellant was confined. At most, then, the appellant is due only 1 day administrative credit.

However, because we also find that the command duty officer was neutral and detached and constitutionally qualified to make a judicial probable cause determination regarding the initial confinement decision, the *McLaughlin* rule was satisfied by him. There was, therefore, no *Rexroat* violation and no illegal pretrial confinement, not even for 1 day. Assignment of Error II has no merit.

■ To obtain relief for inordinate and unexplained post-trial review delay, which we find does exist in this case, the appellant has the burden of establishing prejudice resulting from that delay. *United States v. Jenkins*, 38 M.J. 287 (C.M.A.1993); *United States v. Banks*, 7 M.J. 92 (C.M.A.1979). As a result

of our holding regarding Assignment of Error II, the appellant has failed to established prejudice. Assignment of Error I is therefore also without merit.

The reverse side of the charge sheet has now been properly added to the record and Assignment of Error III is moot.

Accordingly, the findings and sentence, as approved below, are affirmed.

Senior Judges McLAUGHLIN and DeCICCO concur.