UNITED STATES, Appellee

v.

**Justin D. BELL, Quartermaster Second Class, U.S. Navy, Appellant.**

No. 96–1218.
Crim.App. No. 93–0845.

U.S. Court of Appeals for
the Armed Forces.

Argued March 5, 1997.

Decided Aug. 18, 1997.

For Appellant: *Lieutenant Syed N. Ahmad,* JAGC, USNR (argued).

For Appellee: *Lieutenant Commander Christian L. Reismeier,* JAGC, USN (argued); *Colonel Charles Wm. Dorman,* USMC, and *Commander D.H. Myers,* JAGC, USN (on brief); *Lieutenant Commander John R. Livingston, Jr.,* JAGC, USN.

*Opinion of the Court*

SULLIVAN, Judge:

On April 7, 1993, appellant was tried by a general court-martial composed of a military judge sitting alone at Naval Legal Service Office, San Francisco, California. Pursuant to his pleas, he was found guilty of unauthorized absence, disobeying a petty officer, making a false official statement, larceny (3 specifications), burglary (2 specifications), and housebreaking, in violation of Articles 86, 91, 107, 121, 129, and 130, Uniform Code of Military Justice, 10 USC §§ 886, 891, 907, 921, 929, and 930, respectively.[1] Appellant was sentenced to a bad-conduct discharge, confinement and forfeiture of $500.00 pay per month for 24 months, and reduction to E–1.

On April 13, 1995, the convening authority approved the sentence as adjudged but, in accordance with a pretrial agreement, suspended for 12 months all confinement in excess of 12 months. The Court of Criminal

---

1. The military judge consolidated two specifications of making a false official statement and dismissed the Charge and three specifications of destruction of military property.

Appeals affirmed the findings and sentence as approved. 44 MJ 677.

We granted the following issue for review: WHETHER APPELLANT WAS PREJUDICED BY INORDINATE AND UNEXPLAINED POST–TRIAL DELAY, LACK OF DUE DILIGENCE EXERCISED BY TRIAL DEFENSE COUNSEL, AND THE ABSENCE OF ADEQUATE SUPERVISORY CONTROL OVER POST–TRIAL PROCESSING, WHICH RESULTED IN APPELLANT BEING DENIED A REASONABLE OPPORTUNITY FOR SENTENCE CREDIT; AND, IF SO, WHAT REMEDY WOULD BE APPROPRIATE.

We hold that appellant has not shown sufficient prejudice from the unexplained and inordinate post-trial delay in his case to warrant remedial action by this Court. Art. 59(a), UCMJ, 10 USC § 859(a); *see United States v. Hudson*, 46 MJ 226 (1997); *United States v. Jenkins*, 38 MJ 287 (CMA 1993); *United States v. Shely*, 16 MJ 431 (CMA 1983); *United States v. Banks*, 7 MJ 92 (CMA 1979).

■ The Court of Criminal Appeals found the following facts pertaining to appellant's motion at trial for appropriate relief in the form of sentence credit for illegal pretrial confinement:

The appellant had been suspected of committing a series of burglaries and was restricted to his ship pending an investigation. He promptly left the ship without authority and remained away for 19 days. When he returned to the ship, he was ordered into pretrial confinement by the ship's command duty officer, a Navy lieutenant. Three days later, the appellant's commanding officer reviewed the command duty officer's initial confinement decision in accordance with Rule for Courts–Martial [RCM] 305(h), Manual for Courts–Martial, United States [MCM] 1984, and continued the confinement. Two days after that, an independent Initial Review Officer [IRO] conducted the required RCM 305(i) review of the initial confinement decision.

At trial, the appellant argued that since the IRO review pursuant to RCM 305(i) was conducted 5 days after pretrial confinement began, and because *McLaughlin* [, *infra* ] established a 48–hour rule for a neutral and detached judicial probable cause determination regarding pretrial confinement, he was therefore subjected to 3 days of illegal pretrial confinement. The trial judge summarily denied the appellant's motion for appropriate relief. 44 MJ at 678.

Two months after appellant's trial, while he was serving his adjudged confinement, the then-Court of Military Review[2] granted a request by appellant for extraordinary relief, in the form of a 3–day credit against his confinement sentence, based on an averred violation of *County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), and *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). On June 17, 1993, the lower court issued an order stating:

The Petition for Extraordinary Relief in the nature of a Writ of Mandamus is granted. The Government is ordered to grant the petitioner an additional three days of administrative credit against his sentence to confinement unless, before the sentence is due to expire and the petitioner is released from confinement, the United States Court of Military Appeals shall have reversed this Court's decision in *United States v. Holloway*, 36 MJ 1078 (NMCMR 1993)(en banc). *Lakeside Community Hospital v. Tahoe Regional Planning Agency*, 461 F.Supp. 1150 (D.Nev.1978); *Derby v. University of Wisconsin*, 54 F.R.D. 599 (E.D.Wis.1972); *In re Simon Weltman & Co.*, 2 F.2d 759 (S.D.N.Y.1924).

It "anticipated that the convening authority would provide the appellant with the 3–day credit when he took his post-trial action pursuant to Article 60, UCMJ." 44 MJ at 679. However, the convening authority did not take action on appellant's case until 22 months (665 days) after the lower court issued its order. At that time, he did not

2. *See* 41 MJ 213, 229 n. * (1994).

award 3 days' administrative credit, apparently because appellant had served all of his confinement.

The lower court subsequently found that the convening authority's inaction constituted inordinate and unexplained post-trial review delay. However, it reviewed its earlier order in light of this Court's recent holdings in *United States v. Rexroat*, 38 MJ 292 (1993) and *United States v. Holloway*, 38 MJ 302 (1993), and concluded that its earlier order was erroneous. It held that appellant had not been subjected to illegal pretrial confinement after all and that he was not entitled to any confinement credit. Finally, the lower court concluded that appellant had failed to show any prejudice resulting from the inordinate post-trial delay in his case. 44 MJ at 680.

— — —

The court below was correct in concluding that the post-trial delay in this case was inordinate. Appellant's court-martial lasted 2 1/2 hours and produced a record of trial 69 pages long, which was authenticated 1 week later by the military judge. The Government offers no explanation why it took over 2 years (737 days) from the date of trial for the convening authority to take action in this case. Moreover, the Government offers no explanation why it took nearly 2 years (665 days) for the convening authority to act after the interlocutory decision of the Court of Military Review ordering confinement credit. Such extensive and unexplained delay not only is unreasonable but also seriously undermines the high standards of justice established for servicemembers. *See United States v. Hudson, United States v. Jenkins,* and *United States v. Shely,* all *supra; United States v. Sowers,* 24 MJ 429 (CMA 1987)(summary disposition).

■ At one time, significant post-trial delay alone was sufficient to presume prejudice, and this presumption, unrebutted, warranted post-trial relief. *See Dunlap v. Convening Authority,* 23 USCMA 135, 48 CMR 751 (1974). Today, a convicted servicemember "must demonstrate some real harm or legal prejudice flowing from that delay." *Jenkins,* 38 MJ at 288; *see also Shely,* 16 MJ at 431; *Banks,* 7 MJ at 94; Art. 59(a). Appellant's case tests this rule because the unexplained delay in this case arguably suggests tactical disregard of the lower court's order.[3]

Because there is no showing of contempt or gamesmanship here, however, we conclude that the appropriate question before us is whether appellant has shown substantial prejudice from the inordinate post-trial delay entitling him to sentence relief.

Appellant asserts that inordinate delay by the convening authority caused him to lose the benefit of the 3 days' confinement credit ordered by the lower court and that, therefore, he suffered 3 extra days of confinement. Final Brief at 7. He disagrees with the lower court's opinion that the command duty officer and his commanding officer were both qualified under *Rexroat* to make the neutral and detached probable-cause determination required by *Gerstein* and *Riverside.* In addition, appellant asserts that, even if his commanding officer was qualified to make the initial probable-cause determination, he did so 1 day too late. He contends that, at the very least, he was entitled to 1 day of the previously ordered 3 days' credit. Final Brief at 12. Appellant suggests that the only appropriate remedy for such prejudice is to set aside the adjudged bad-conduct discharge. Final Brief at 18. We disagree.

The defense argument that 3 days' confinement or less, even if unlawful, warrants setting aside a bad-conduct discharge is not well-taken. *See United States v. Carter,* 45 MJ 168, 171 (1996) (additional confinement of 2 years less severe than a bad-conduct discharge). First, such harm, although unfortu-

3. The convening authority did not award the 3-day sentence credit ordered by the then-Court of Military Review. Argument has been presented by both parties as to whether such action violated that court order in light of the decision of this Court in *United States v. Holloway*, 38 MJ 302 (1993). In view of the conditional nature of the order and our decision in *Holloway,* we find no plain error in the service court's decision not to address this question. *See also United States v. Jones,* 23 MJ 301, 303 (CMA 1987). However, we do hold that this order did not authorize the convening authority to delay his action in this case until we issued our decision in *Holloway.*

nate, does not render appellant's punitive discharge inappropriate. He pleaded guilty to many serious crimes, including larceny, burglary, and housebreaking, which themselves permitted imposition of a dishonorable discharge. Paras. 46e, 55e, and 56e, Part IV, Manual for Courts–Martial, United States, 1984; *see also United States v. Clevidence*, 14 MJ 17, 19 (CMA 1982). Second, he received extensive sentence relief already in this case, despite the post-trial delay. The authorized sentence for appellant's crimes included 46 years and 6 months' confinement, but the adjudged sentence was a relatively less severe sentence of 24 months' confinement. This sentence was further limited by a pretrial agreement to 12 months, which the confinement authorities honored despite the fact that the convening authority had not yet acted.[4] Moreover, appellant was also credited with 81 days' pretrial confinement and 72 days for good behavior, resulting in his release on November 4, 1993, after serving slightly less than 9½ months' confinement. Third, the delayed action by the convening authority contributed in part to the fact that none of the adjudged forfeitures ($500 pay per month for 24 months) was collected in this case.[5] *See United States v. Valead*, 32 MJ 122, 125 (CMA 1991). Final Brief at 17.

We continue to be troubled by cases such as appellant's, where unexplained delays have occurred between the court-martial and the action of the convening authority. Nevertheless, our dissatisfaction with this aberrational military justice practice does not warrant setting aside a servicemember's punitive discharge when he or she was not substantially harmed. Here, as noted above, appellant actually benefited from the post-trial delay, at least financially. In the future, however, those responsible for prompt action in the military justice system must take better care to perform their duties as Congress and the President have directed.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges CRAWFORD, GIERKE, and EFFRON concur.

---

4. Appellant's pretrial agreement provided for suspension of confinement in excess of 12 months for 12 months. A copy of this pretrial agreement was forwarded to the Commander of the Navy Brig. § 0149, Manual of the Judge Advocate General of the Navy, JAG INSTRUCT. 5800.7c (1992).

5. Appellate defense counsel assert that the adjudged forfeitures were "uncollectible [s]ince the military does not pay those whose enlistments expire while confined." Reply brief at 2. No service regulations were cited to support this assertion. In any event, appellate defense counsel acknowledged that appellant's enlistment expired on August 28, 1993. Final Brief at 18. Accordingly, at the very least, 4 months of forfeitures ($2,000.00) could have been collected for the period between appellant's trial (April 7, 1993) and his enlistment-expiration date.