UNITED STATES, Appellee,

v.

Reginald R. JOHNSON, Private, U. S. Marine Corps, Appellant.

No. 32,424.

NCM 75–2238.

U. S. Court of Military Appeals.

Sept. 12, 1977.

*Lieutenant Howard L. Schwartz,* JAGC, USNR, argued the cause for Appellant, Accused.

*Lieutenant Patrick A. Fayle,* JAGC, USN, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress,* USMC.

## OPINION OF THE COURT

FLETCHER, Chief Judge:

The appellant was convicted pursuant to his pleas of robbery, violation of a general regulation, unlawful apprehension, and assault, in violation of Articles 122, 92, 97 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 922, 892, 897 and 928, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for 4 years, and total forfeitures. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement at hard labor for 2 years, and total forfeitures; the portion of the sentence extending to confinement in excess of 8 months was probationally suspended. The United States Navy Court of Military Review approved only so much of the finding of guilty to Additional Charge II as found the appellant guilty of an attempt to commit an unlawful apprehension in violation of Article 80, UCMJ. The re-

maining findings and sentence were approved. We granted the petition for review to consider whether the plea of guilty to the charge of attempted unlawful apprehension was improvident in that the specification failed to state an offense and the providence inquiry failed to elicit the necessary supportive facts. Specifically the defense contends that Article 97 was intended by Congress to punish only acts by persons clothed with authority to make arrests, apprehensions, or to confine, and was not intended to serve as a prohibition against the private act of false imprisonment. We agree.

Both counsel agree that the critical case for analysis in this area is our decision in *United States v. Hardy*, 11 U.S.C.M.A. 487, 29 C.M.R. 303 (1960). In *Hardy*, a majority of this Court held that Article 97 was not limited to only those individuals who abuse codal authority to arrest, but was instead applicable to all persons subject to the Code whether they acted under the color of authority or not. Judge Ferguson, in a forceful dissent, developed a codal analysis which appellate defense counsel urge us to adopt. Upon examination of the underlying basis for the *Hardy* decision, and the available indicia of Congressional intent as to Article 97, we conclude that Article 97 was not intended to be applied in the present manner.

In *United States v. Hardy, supra,* the majority concluded that the language of Article 97 "indicates a Congressional intent to sweep within the law all persons subject to the Code, and that interpretation is but-

tressed by paragraph 176 of the Manual for Courts-Martial, 1951." [1] It held that the absence of language of a restrictive nature and legislative history indicating the desirability of limited coverage supported this position. We disagree.

█ In examination of an enactment of Congress, the act should not be dissected, and its various phrases considered *in vacuo*.[2] It must be presumed that the legislature had a definite purpose in every enactment, and it is the construction that produces the greatest harmony and least inconsistency which must prevail.[3] As noted by Judge Ferguson, Article 97 discloses its application only to unlawful apprehensions, arrests, and confinements; clearly these are terms of art in military jurisprudence, and properly must refer only to restraints imposed by those acting in some facet of law enforcement. Each of these terms is the subject of specific attention in the Uniform Code of Military Justice,[4] and in our opinion, serves as the language of a restrictive nature found wanting by the majority in *Hardy*. We share Judge Ferguson's conclusion that:[5]

> In short, the use of the technical terms for the various sorts of control over an individual under the Code convinces me that Congress intended Code, *supra*, Article 97, to provide for the punishment of those officers and other individuals who use their Code-conferred powers of arrest, apprehension, and confinement arbitrarily to harass personnel subject to their control.

1. *United States v. Hardy*, 11 U.S.C.M.A. 487, 490, 29 C.M.R. 303, 306 (1960). Judge Latimer adopted the identical approach to that utilized by the board of review below, *United States v. Hardy*, 28 C.M.R. 551 (A.B.R.1959). *See also United States v. Fritts*, 12 C.M.R. 232 (A.B.R. 1953).

2. Sutherland, *Statutes and Statutory Construction* § 46.05 (4th ed. 1973). *See Clark v. Uebersee Finanz-Korporation, A.G.*, 332 U.S. 480, 68 S.Ct. 174, 92 L.Ed. 88 (1947); *In re Public Bank of New York*, 278 U.S. 555, 49 S.Ct. 7, 73 L.Ed. 503 (1928); *United States v. Snider*, 502 F.2d 645 (4th Cir. 1974).

3. Sutherland, *supra* § 46.05. *See Markham v. Cabell*, 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165 (1945).

4. Article 7, Uniform Code of Military Justice, 10 U.S.C. § 807, defines apprehension and sets forth who may apprehend and the specific instances under which this delegated codal authority may be utilized. Similarly, Articles 9 and 10, Uniform Code of Military Justice, 10 U.S.C. §§ 809 and 810, define confinement and arrest and detail the conditions and classes of people authorized to impose both or either form of restraint.

5. *United States v. Hardy, supra*, 11 U.S.C.M.A. at 494, 29 C.M.R. at 310.

Further support for this conclusion is found in the commentary following the language of Article 97 set forth in the hearings before the House Armed Services Committee. Therein it is specifically set forth that Article 97 should be read in conjunction with Articles 9 and 7 "wherein those persons authorized to apprehend, arrest or confine are set forth."[6] We recognize the difficulty in relying upon such sources in discerning legislative intent,[7] but feel in the present instance these matters provide valuable insight,[8] and however terse, certainly belie the *Hardy* majority's conclusion of an absence of pertinent legislative history.

Finally, it is a recognized principle of statutory construction that statutes *in pari materia* are to be construed together.[9] Article 97 was placed in that group of codal provisions concerned with abuses of authority and/or resistance to proper acts of authority in these matters. Its position among the other Articles relating to the breaching of lawfully imposed restraints compelled Judge Ferguson, and now us, to conclude that "Congress sought to punish violations of Article 97 only when they also referred to the same manner of restrictions."[10]

In conclusion, we find the inclusion of the terms of art—arrest, apprehension, and confinement—by Congress in Article 97 the proper basis to determine that the scope of Article 97 is limited to improper acts by those delegated this authority under the Code. This conclusion is reinforced by the specific reliance upon, and reference back to, Articles 9 and 7 by Congress in drafting Article 97, and the above-mentioned principles of statutory construction.[11] To the extent that *United States v. Hardy, supra* is inconsistent with the views expressed herein, it is overruled and no longer represents the law of this Court.

As we determine that Article 97 was not meant to apply to the private act of false imprisonment by one not acting under a delegation of authority from the Code, it is apparent that the appellant's attempt to force a young woman into his car cannot be the proper basis for a conviction for a violation, or attempted violation, of Article 97.[12] Corrective action is required.

Accordingly, the decision of the United States Navy Court of Military Review is reversed as to Additional Charge II and its specification. The same are ordered dismissed. The record of trial is returned to the Judge Advocate General of the Navy with direction to return the record to the United States Navy Court of Military Review for action not inconsistent with this opinion.

Judge PERRY concurs.

---

6. Hearings before the House Armed Services Committee on H.R. 2498, 81st Congress, 1st Session page 1227, *Index and Legislative History, Uniform Code of Military Justice* (Washington, D.C. 1950). *See also Bertera's Hopewell Foodland, Inc. v. Masters*, 428 Pa. 20, 236 A.2d 197, 204 (1967), wherein the court stated:
  A statute cannot be dissected into individual words, each one being thrown onto the anvil of dialectics to be hammered into a meaning which has no association with the words from which it has violently been separated.

7. *See* Sutherland, *supra* §§ 48.01–20.

8. *See International Tel. & Tel. Corp. v. General Telephone & Electronics Corp.*, 518 F.2d 913 (9th Cir. 1975); *Housing Authority of City of Omaha, Nebraska v. United States Housing Authority*, 468 F.2d 1 (8th Cir. 1972).

9. *See* Sutherland, *supra* § 51.03. *See also United States v. Heard*, 3 M.J. 14 (C.M.A.1977).

10. *United States v. Hardy, supra*, 11 U.S.C. M.A. at 495, 29 C.M.R. at 311.

11. It is reliance upon established principles of statutory construction which properly should determine the disposition of any question of the correct meaning of a given legislative enactment. *United States v. Ware*, 1 M.J. 282 (1976). Nor can we accept the position that provisions of the Manual for Courts-Martial, United States, can govern where the history and construction of the statute as a whole establishes a contrary legislative purpose. *United States v. Jenkins*, 7 U.S.C.M.A. 261, 22 C.M.R. 51 (1956).

12. We note that the appellant pleaded guilty to and was properly convicted of assaulting this same individual as a result of his attempt to force her into his car.

COOK, Judge (dissenting):

I believe *United States v. Hardy*, 11 U.S. C.M.A. 487, 29 C.M.R. 303 (1960), was correctly decided, and I would adhere to it. In any event, I perceive no worthwhile purpose to be served by returning the case to the Court of Military Review for reassessment of the sentence. The offenses to which the accused pleaded guilty authorized punishment that included a dishonorable discharge and confinement at hard labor for 18½ years. He was sentenced to a dishon-orable discharge and confinement for 4 years; thereafter the sentence was reduced to a bad-conduct discharge and confinement for 2 years, with suspension of the period in excess of 8 months. The term of suspension has expired, and there is no indication in the record that the suspension has been vacated. In these circumstances, "the error is too slight to justify remand of the case for reassessment of the sentence." *United States v. Teitsort*, 9 U.S.C.M.A. 322, 26 C.M.R. 102 (1958).