UNITED STATES, Appellee,

v.

Ronald McCANTS, Sergeant
U.S. Army, Appellant.

No. 68,499.

CMR No. 9100159.

U.S. Court of Military Appeals.

Argued Nov. 1, 1993.

Decided March 4, 1994.

For Appellant: *Captain Robert H. Pope* (argued); *Colonel Malcolm H. Squires, Lieutenant Colonel James H. Weise, Major Robin L. Hall* (on brief); *Colonel Stephen D. Smith.*

For Appellee: *Captain Jane F. Polcen* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Joseph A. Russelburg, Major Joseph C. Swetnam* (on brief).

*Opinion of the Court*

GIERKE, Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of attempted murder, assault, and absence without authority, in violation of Articles 80, 128, and 86, Uniform Code of Military Justice, 10 USC §§ 880, 928, and 886, respectively. The approved sentence provides for a dishonorable discharge, confinement for 10 years, total forfeitures, and reduction to Private E–1. The Court of Military Review affirmed the findings of guilty and the sentence in a unpublished opinion dated August 6, 1992. In doing so it ordered a credit of 158 days to be applied to his sentence to confinement.

We granted review of the following issues [1]:

I

WHETHER APPELLANT WAS ILLEGALLY CONFINED FOR AN ADDITIONAL FOUR DAYS WHEN HE DID NOT RECEIVE A MAGISTRATE'S REVIEW WITHIN 48 HOURS OF INCARCERATION.

1. The issue asserting that the designation of military judges violates the Appointments Clause is without merit. *Weiss v. United States,* —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994).

## II

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY FAILING TO AWARD APPELLANT ADDITIONAL PRETRIAL CONFINEMENT CREDIT FOR A 14-DAY TIME PERIOD WHICH OCCURRED BETWEEN THE INITIAL REVIEW OF APPELLANT'S PRETRIAL CONFINEMENT, BUT BEFORE THE REVIEWING OFFICER ACTUALLY MADE A DECISION.

## III

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY FAILING TO AWARD APPELLANT 86 DAYS OF ADDITIONAL PRETRIAL CONFINEMENT CREDIT DUE TO THE REVIEWING OFFICER'S FAILURE TO PROVIDE APPELLANT'S COUNSEL WITH THE REQUESTED COPY OF HIS DECISION.

### Factual Background

On September 9, 1990, appellant committed the attempted murder and assault offenses in Killeen, Texas. On September 18, 1990, appellant absented himself from his unit without authority. On September 22, 1990, appellant returned to military control and was admitted to the Darnell Army Community Hospital, located at Fort Hood, Texas, for suicidal gestures. On September 27, 1990, appellant was confined in the Bell County jail in Belton, Texas, for reasons not reflected in the record. On October 12, 1990, appellant was transferred to military confinement at Fort Hood, Texas.

The magistrate's hearing pursuant to RCM 305(i), Manual for Courts-Martial, United States, 1984, was scheduled for October 18 but was deferred at appellant's request so that he could obtain civilian counsel for the hearing. The hearing was finally held on October 30, 1990. The military magistrate did not make his decision until November 13, 1990, when he decided to keep appellant confined.

On November 20, 1990, the military magistrate orally informed trial defense counsel of his November 13 decision. After this notification, defense counsel requested a copy of his decision memorandum. Despite trial defense counsel's request, the military magistrate never provided appellant or his counsel with a copy of his written decision memorandum.

At trial, defense counsel requested additional credit for pretrial confinement pursuant to RCM 305(k) on three grounds: (1) the failure to prefer charges promptly after placing appellant in pretrial confinement; (2) the magistrate's failure to conduct the RCM 305(i) review within 7 days of the imposition of confinement; and (3) the magistrate's failure to provide the accused with a copy of his decision memorandum as required by RCM 305(i)(6).

The military judge declined to rule on appellant's request for additional pretrial-confinement credit, stating that he was "hesitant to rule as a matter of law that the accused is entitled to additional pretrial credit." The military judge concluded the discussion by stating:

> However, I would certainly urge that the Convening Authority, through the Staff Judge Advocate prior to the Convening Authority taking his action, carefully review the entire process which occurred as related by you. Certainly, if it appears that additional time should be credited, I have confidence that the Staff Judge Advocate will so inform the Convening Authority and he will be given credit for that period of time....

The Court of Military Review held that appellant was entitled to 158 days of administrative credit for pretrial confinement, which included 16 days of additional credit because of the magistrate's failure to complete his review of appellant's pretrial confinement within 7 days, as required by RCM 305(i)(1). The 16 days of credit was based on the period from October 3, when the hearing should have been conducted, until October 18, when it was originally scheduled and then postponed at appellant's request.[2]

2. In determining when the magistrate's hearing

should have been conducted, the Court of Mili-

*Initial Probable–Cause Determination*

■ Citing *County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), appellant argues that he is entitled to an additional 4 days of administrative credit because his pretrial confinement was not reviewed within 48 hours. In *United States v. Rexroat*, 38 MJ 292, 295 (CMA 1993), we held that the *McLaughlin* 48–hour limit applied to the military. We further held that a commander's probable-cause determination under RCM 305(d) or probable-cause review under RCM 305(h) within 48 hours would satisfy *McLaughlin* if the commander qualified as a neutral and detached magistrate. 38 MJ at 298. In *United States v. Holloway*, 38 MJ 302, 303–04 (CMA 1993), we remanded the case to the Court of Military Review for a determination whether the commanders who made the RCM 305(d) and (h) determinations were neutral and detached.

Unlike defense counsel in *Rexroat* and *Holloway*, appellant's defense counsel did not raise the *McLaughlin* issue or ask for credit for a *McLaughlin* violation, and appellate defense counsel did not raise the issue before the Court of Military Review. Instead, appellant's counsel asked for credit on the basis of the failure of the military magistrate to hold the RCM 305(i) hearing within 7 days and to provide a copy of his decision to the accused. Because the issue was not raised, the record is silent regarding the RCM 305(d) and (h) determinations. Thus, we must decide whether to remand the case in accordance with *Holloway* or to hold that the issue was waived.

We hold that it was waived. A request for additional pretrial-confinement credit pursuant to RCM 305(k) is raised at trial by a motion for appropriate relief. *See* RCM 305(j) ("[T]he military judge shall review the propriety of pretrial confinement upon motion for appropriate relief."). Failure to make a motion for appropriate relief constitutes waiver. RCM 905(e).

tary Review treated appellant's confinement in the Bell County jail from September 27 to October 12 as military pretrial confinement. That

*Credit for Delay Between Hearing and Decision*

■ Although the magistrate conducted the RCM 305(i) hearing on October 30, he did not make his decision to retain appellant in pretrial confinement until November 13, and he did not communicate it to appellant or his counsel until November 20. The Court of Military Review gave appellant additional credit for the period from October 3, when the RCM 305(i) hearing should have been held, until October 18, when it was originally scheduled but then postponed until October 30 at appellant's request. The Court of Military Review gave appellant no additional credit for the interval between the hearing on October 30 and the magistrate's decision on November 13. Appellant now argues that he is entitled to an additional 14 days of credit for the period from October 30 to November 13. Final Brief at 8.

We hold that appellant is entitled to an additional 14 days of credit. Although RCM 305(i)(4) allows the magistrate to extend the time limit for completing his review to 10 days for good cause, neither the magistrate nor government counsel offered any reason for the delayed decision in this case. In this regard, we point out that RCM 305(i)(1) provides, "A review of the adequacy of probable cause to believe the prisoner has committed an offense and of the necessity for continued pretrial confinement *shall be made* within 7 days of the imposition of confinement." (Emphasis added.) The required review has not been completed until the magistrate makes a decision. Because the required review was not "made" in this case until November 13, we hold, pursuant to RCM 305(k), that appellant is entitled to the additional 14 days of credit he has requested.

*Credit for Failure to Provide a Copy of the Decision*

■ Appellant requests an additional 86 days of pretrial-confinement credit based on the magistrate's failure to provide a copy of his decision memorandum to defense counsel.

determination has not been challenged. As to counting the number of days, *see* RCM 103(9), Manual for Courts–Martial, United States, 1984.

Final Brief at 11. Appellant's request for 86 days of credit is based on the number of days from defense counsel's request for a copy of the decision memorandum until the date of trial. Contrary to the representations of counsel for both sides, before this Court as well as the court below, the record of trial reflects a trial date of January 14, not February 14, 1991.

RCM 305(i)(6) provides, "A copy of the memorandum and of all documents considered by the reviewing officer shall be maintained in accordance with regulations prescribed by the Secretary concerned and *provided to the accused or the Government on request.*" (Emphasis added.) Defense counsel's assertion that he requested but did not receive a copy of the decision memorandum was unchallenged by the Government at trial or on appeal. The Court of Military Review granted appellant no additional credit for this violation.

The language of RCM 305(i)(6) is clear, as is the sanction contained in RCM 305(k) for violations of any part of RCM 305(i): Appellant receives 1 day of credit for each day of noncompliance. Accordingly, we hold that appellant is entitled to an additional 55 days of credit.

### Conclusion

We cannot complete our appellate review of this case without commenting on the lackadaisical review by the magistrate and the inexplicable refusal of the military judge to rule on the requests for pretrial-confinement credit despite clear authority to do so pursuant to RCM 305(j)(2). The provisions of RCM 305(i) and (j) are meaningless when judicial officers fail or refuse to act. The Supreme Court's decision in *McLaughlin* shows the importance which that Court gives to prompt review of pretrial confinement. We will give it no less. We regard a military judge as "a real judge as commonly understood in the American legal tradition." *United States v. Graf*, 35 MJ 450, 465 (CMA 1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 917, 127 L.Ed.2d 206 (1994). We expect military judges to exercise their authority and not "pass the buck" to the staff judge advocate or convening authority.

### Decision

The decision of the United States Army Court of Military Review is reversed to the extent that it denies appellant 14 days of additional pretrial-confinement credit for noncompliance with RCM 305(i)(1), and 55 days of credit for noncompliance with RCM 305(i)(6). Appellant will be awarded a total of 227 days of pretrial-confinement credit. In all other respects the decision below is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and WISS concur.