**UNITED STATES**

v.

**Eddie C. COBURN, 498–82–1774 Mess Management Specialist Second Class (E–5), U.S. Navy.**

**NMCM 94 01528.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 10 March 1994.

Decided 17 March 1995.

Capt J.F. Havranek, USMC, Appellate Defense Counsel.

LT J.R. Livingston, Jr., JAGC, USNR, Appellate Government Counsel.

Before ORR, REED and KEATING, JJ.

KEATING, Judge:

The issue in this appeal is whether the appellant is entitled to administrative credit against the adjudged sentence when his pretrial confinement review was conducted without the military counsel he requested in accordance with Rule for Courts–Martial [R.C.M.] 305(f). We hold that when a prisoner makes such a request, the Government is required to provide counsel in advance of the initial review hearing unless the prisoner expressly withdraws the request. We further hold that, when requested military counsel is not provided, waiver of the presence of counsel at the hearing cannot be implied from the

prisoner's silence. We will grant appropriate relief.

A special court-martial, military judge sitting alone, convicted the appellant in accordance with his pleas of the wrongful distribution of cocaine and marijuana, in violation of Article 112a, Uniform Code of Military Justice [UCMJ], and of wrongfully carrying a concealed weapon in violation of Article 134, UCMJ, 10 U.S.C. §§ 912a, 934 (1988). He was sentenced to a bad-conduct discharge, confinement for 5 months, forfeiture of $500.00 pay per month for 5 months, and reduction to pay grade E–1.

The appellant was placed in pretrial confinement on 19 January 1994. That same day, he filled out a form acknowledging that he understood both the pretrial confinement process and his rights as set forth in the form. He also checked a block requesting assignment of a military lawyer to represent him during the pretrial confinement proceedings and another block requesting a personal appearance before the officer who would review his pretrial confinement. A hearing for that purpose was held on 23 January 1994. The appellant appeared without counsel. The officer who held the initial review hearing was unaware of the appellant's earlier request for representation by counsel, and the appellant did not renew that request at the hearing.

At trial, the appellant's civilian defense counsel made a motion for appropriate relief pursuant to R.C.M. 305(k) based on the Government's failure to provide military counsel to the appellant during the pretrial confinement proceedings. The military judge denied the motion, finding that: (1) the appellant had requested counsel to represent him at the pretrial confinement proceedings before the review officer; (2) there was no indication the review officer was aware of the appellant's request for counsel; (3) the review officer had advised the appellant of his Article 31, UCMJ, rights and of his right to

counsel; and, (4) since the appellant "[d]id not indicate an attorney's presence was desired" following that advice, he had waived the presence of counsel at the hearing. The military judge elaborated by saying that the appellant's initial election did not preclude a subsequent waiver and that, since the hearing officer explained the accused's rights to him and "there was no indication from the accused *at that time* that he wanted counsel," waiver had occurred. Record at 61 (emphasis added).

Civilian defense counsel brought this issue to the attention of the convening authority in his comments on the staff judge advocate's [SJA] recommendation. He argued that the accused's right to counsel at the pretrial confinement proceeding had been violated and that, since the accused had served his entire sentence of confinement, the convening authority should disapprove the bad-conduct discharge. The SJA addressed the issue in his supplemental recommendation and stated his disagreement with civilian defense counsel on the question of legal error. He further noted that the remedy under R.C.M. 305(k) for noncompliance is administrative credit against the sentence adjudged, excluding a punitive discharge. He recommended the sentence be approved as adjudged.

We have reviewed the record of trial and the briefs of counsel on the specified issue,[1] and we have concluded that (1) the appellant was entitled to relief under R.C.M. 305(k) for the Government's failure to provide military counsel before the initial review as required by R.C.M. 305(f) and (2) that the military judge abused his discretion when he denied the appellant's motion for appropriate relief.

The Government asserts that pretrial confinement does not initiate adversarial judicial proceedings or otherwise trigger the Sixth Amendment right to counsel, citing *United States v. Jordan*, 29 M.J. 177, 187 (C.M.A. 1989). What the United States Court of

---

1.  WAS THE MILITARY JUDGE CORRECT IN RULING THAT AN ACCUSED IN PRETRIAL CONFINEMENT WHO REQUESTS MILITARY COUNSEL TO REPRESENT HIM DURING PRETRIAL CONFINEMENT PROCEEDINGS BUT WHO DOES NOT REASSERT THAT REQUEST AT THE INITIAL REVIEW HEARING WAIVES HIS RIGHT TO MILITARY COUNSEL AT THE HEARING AND IS NOT ENTITLED TO ADMINISTRATIVE CREDIT UNDER RULE FOR COURTS–MARTIAL [R.C.M.] 305(k) FOR THE GOVERNMENT'S FAILURE TO COMPLY WITH R.C.M. 305(f)?

Military Appeals said in *Jordan*, however, was: "We have never held that a review of the propriety of pretrial confinement constitutes commencement of adversary judicial proceedings for Sixth Amendment purposes. It is unlikely that we will ever confront such a question since counsel is automatically provided an accused upon request." *Id.* We have before us in this case, not the constitutional question, but the effect of the Government's failure to comply with the R.C.M. 305(f) requirement in the Manual for Courts–Martial, United States, 1984 [M.C.M.] to provide counsel before the hearing, if the accused requests one.

An accused in pretrial confinement must be promptly informed of certain rights, including the right to request assignment of military counsel. R.C.M. 305(e). "If requested by the prisoner, military counsel shall be provided to the prisoner before the initial review under subsection (i) of this rule." R.C.M. 305(f).[2] No guidance is provided in the M.C.M., however, as to procedures to be followed either for withdrawal of such a request before the initial review or for waiver of the presence of the requested counsel at the initial review. Nor have we found any case law to guide the trial judge or an appellate court in resolving the issue presented in this case. We will look, therefore, first, to how waiver occurs once a demand for counsel has been made in analogous situations and, second, to established principles regarding waiver of the right to counsel generally in courts-martial proceedings.

▪ An accused's right to counsel before general and special courts-martial is governed by the Uniform Code of Military Justice and the Rules for Court–Martial in the Manual for Courts–Martial. The UCMJ provides that "... defense counsel shall be detailed for each general and special court-martial." UCMJ, art. 27(a)(1), 10 U.S.C. § 827(a)(1). No provision is made in the UCMJ for excusal or waiver of counsel by an accused, but R.C.M. 506 does address this aspect of the right to counsel. The general

rule as to excusal is "defense counsel may be excused only with the express consent of the accused...." R.C.M. 506(c). As to waiver, the rule is "[t]he accused may expressly waive the right to be represented by counsel...." R.C.M. 506(d). Since 1969, waiver of rights concerning counsel at trial by court-martial requires a personal and affirmative response on the record by the accused. *United States v. Donohew*, 18 C.M.A. 149, 39 C.M.R. 149, 1969 WL 5933 (1969). A waiver of the right to counsel must be made intentionally and with full knowledge of the consequences. *United States v. Howell*, 11 C.M.A. 712, 29 C.M.R. 528, 1960 WL 4551 (1960). We read both rules to require that the accused's intent be stated personally on the record in words that are clear and unequivocal. *Cf. United States v. Starks*, 36 M.J. 1160, 1164 (A.C.M.R.1993) (holding that defense counsel's affidavit was not an adequate substitute for an in court statement by accused).

▪ Military Rule of Evidence 305, which concerns warnings about rights against self-incrimination, specifies when counsel must be provided by the Government and also gives guidance on the presence of counsel, the exercise of rights, and waiver. For the purposes enunciated in that rule, the right to counsel must be either affirmatively declined or, once requested, waived by a communication initiated by the accused. A similar rule applied to a request for counsel under R.C.M. 305(f) made by a servicemember in pretrial confinement would recognize the definite purpose behind analogous rules and would produce the greatest harmony and least inconsistency. *Cf. United States v. Johnson*, 3 M.J. 361, 362 (C.M.A.1977) (construing one article of the UCMJ by reference to content of related articles). We will apply such a rule in this case. We also hold that, when requested military counsel is not provided before the initial review, waiver of the presence of counsel at the hearing cannot be implied from the prisoner's silence. *See United States v. Andrews*, 21 C.M.A. 165, 44 C.M.R. 219, 1972 WL 14079 (1972).

---

**2.** Two days after the appellant was placed in pretrial confinement, R.C.M. 305(f) was amended by Change 6 to the M.C.M., Exec.Order No. 12888, 3 C.F.R. 689 (1993). All references are to the rule as it was before Change 6. The change, which clarifies when the time for compliance begins to run, does not affect our analysis.

One day after the initial review hearing, held without counsel, the appellant was provided military counsel. A request for a new review hearing was submitted by counsel 15 days later. The Government argued at trial that it should not be accountable for the entire period of time, but only for the 6 day period that elapsed following the request for a new hearing until that new hearing was held. We agree, however, with the Army Court of Military Review's decision in *United States v. DeLoatch*, 25 M.J. 718 (1987), that a servicemember is entitled to additional credit from the seventh day until he is either released from confinement or there is a R.C.M. 305(i) review affirming the need and justification for confinement. 25 M.J. at 719, *cited with approval in United States v. Ballesteros*, 29 M.J. 14, 16 (C.M.A.1989). Applying that standard to this case results in a credit of 21 days.

As to what relief may be provided, we are guided by R.C.M. 305(k) which states the remedy for noncompliance with certain subsections of the rule. The subsection establishing the right to military counsel is one of these. Since the confinement adjudged has been served and no hard labor without confinement, restriction, or fine was adjudged, we apply the credit only to forfeitures. The appellant is entitled to receive an administrative credit against the approved sentence in an amount equal to 21 days forfeiture of pay. Since forfeitures are awarded by the month, R.C.M. 1003(b)(2), we will not affirm one month of the forfeitures otherwise approved below.

Accordingly, the findings of guilty and only so much of the sentence, as approved on review below, as provides for confinement for 5 months, forfeiture of $550.00 pay per month for 4 months, reduction to pay grade E–1, and a bad-conduct discharge, are affirmed. A supplementary promulgating order shall be issued by an appropriate convening authority.

Senior Judge ORR and Senior Judge REED concur.