**UNITED STATES**

v.

**Andrew S. PLOWMAN, Airman Apprentice (E–2), U.S. Navy.**

**NMCM 99 00802.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 29 Jan. 1999.

Decided 20 April 2000.

LCDR Linda J. Lofton, JAGC, USN, Appellate Defense Counsel.

---

LCDR Karen M. Gibbs, JAGC, USNR, Appellate Defense Counsel.

Capt Edward C. Durant, USMC, Appellate Government Counsel.

Before LEO, Senior Judge, ANDERSON, and NAUGLE, Appellate Military Judges.

NAUGLE, Judge:

In accordance with his pleas, the appellant was convicted by a military judge sitting as a special court-martial of three separate periods of unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The adjudged sentence included a bad-conduct discharge, confinement for 65 days, and reduction to the lowest enlisted pay-grade. The convening authority approved the sentence as adjudged, but suspended confinement in excess of 50 days for 12 months from the date adjudged, as required by the pretrial agreement.

We have examined the record of trial, the assignment of error,[1] and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

### Facts

On 8 December 1998, the appellant was placed in pretrial confinement at the Norfolk Naval Brig following his return from his third period of unauthorized absence from USS ENTERPRISE (CVN 65). On 15 December 1998, the Commanding Officer of the Transient Personnel Unit (TPU), Norfolk, Virginia determined that there was probable cause to believe that an offense was committed and that the appellant had committed it (RULE FOR COURTS-MARTIAL 305(i)(1), MANU-AL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.)), and that continued pretrial confinement was required to ensure the appellant's presence for trial. R.C.M. 305(h)(2)(C). Also, on 15 December 1998, the Initial Review Officer (IRO) determined that the appellant should be continued in pretrial confinement. R.C.M. 305(i)(2). Because these determinations did not occur within the time periods specified in the Rules above (48 hours, 72 hours, and 7 days, respectively, after the appellant was confined prior to trial), the appellant moved at trial for additional administrative credit against any adjudged sentence in accordance with R.C.M. 305(k). While the military judge did grant some additional credit, she did not grant all the credit requested by the appellant.[2]

In this appeal, the appellant seeks relief from the military judge's refusal to grant additional administrative credit as a sanction for the commanding officer's delay in reducing to writing her conclusions concerning both probable cause and the necessity for continued confinement within the time limit required by R.C.M. 305(h)(2)(C), that is, 72 hours.[3] In support of this requested relief, appellant invites our attention to *United States v. McCants*, 39 M.J. 91 (C.M.A.1994). Without citing additional authority, the Government, in its reply, asserts that under the circumstances in this case, *McCants* does not require multiple administrative credits against the approved sentence for simultaneous noncompliance with more than one subsection of R.C.M. 305.

### Administrative Credit

We review *de novo* the trial judge's determination of the proper application of R.C.M. 305(k).

R.C.M. 305(k) indicates that:

additional credit for both the failure to comply with R.C.M. 305(i)(1) and R.C.M. 305(h)(2)(C), concluding she was not required under the circumstances of this case to provide separate credit for each of these two violations. Record at 32. The convening authority gave the appellant day-for-day credit for his pretrial confinement pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984). Convening Authority's Action of 12 April 1999.

---

1. THE MILITARY JUDGE ERRED BY FAILING TO AWARD THE APPELLANT WITH FOUR DAYS ADDITIONAL PRETRIAL CONFINEMENT CREDIT FOR HIS COMMANDING OFFICER'S FAILURE TO PROVIDE A WRITTEN MEMORANDUM OF HER DECISION WITHIN 72 HOURS AS REQUIRED BY R.C.M. 305(h)(2)(C).

2. The credit requested at trial was for additional administrative credit for noncompliance with R.C.M. 305(h)(2)(C) and R.C.M. 305(i)(1) and (2). The military judge granted one day credit for the one day delay in complying with R.C.M. 305(i)(2), but granted only a total of five days

3. The so called "72 hour memorandum" was eventually completed, but not until four days after the time required by R.C.M. 305, hence the request for four more days of day-for-day credit.

[T]he remedy for noncompliance with subsections (h) [or] (i) of this rule shall be an administrative credit against the sentence adjudged for any confinement served as a result of such noncompliance. Such credit shall be computed at a rate of 1 day credit for each day of confinement served as a result of such noncompliance.

In the context of R.C.M. 305(k), we construe the phrase "as a result of such noncompliance" to require additional administrative credit from the date when a required event should have occurred under R.C.M. 305 until the date the required event does occur.[4]

In *McCants*, the IRO hearing should have occurred on 3 October 1990, but was initially scheduled for 18 October 1990. The hearing was deferred from 18 October until 30 October 1990 at Sergeant McCant's request. Although the hearing was conducted on 30 October 1990, the IRO did not reach his decision until 13 November 1990, when he concluded that continued confinement was necessary. On 20 November, the IRO orally informed the trial defense counsel of his 13 November decision. The defense counsel requested a copy of the decision memorandum, but one was never provided. At trial, Sergeant McCants sought additional administrative credit for the failure of the initial review hearing to be conducted within the required seven-day period and the failure of the IRO to provide a copy of his decision memorandum, as required by R.C.M. 305(i)(6).[5] No relief was granted at trial. The Army Court of Military Review held that Sergeant McCants was entitled to 16 days additional administrative credit for the delay from 3

October 1990, when the IRO hearing should have been conducted, until 18 October, when it was scheduled to occur, but for the deferral at the request of Sergeant McCants. On further review, the then Court of Military Appeals held that additional credit was due not only for the period 3–18 October, but also for the 14-day period from 30 October, when the hearing was held, until 13 November when the IRO finally made his decision. There was no explanation in the record of the reason for the delay in making the decision. The Court also granted 55 days additional administrative credit based on the IRO's subsequent failure to provide a copy of the memorandum of his decision as requested on 20 November until the date of trial on 14 January 1991. A copy was never provided.

We distinguish the appellant's case from the circumstances in *McCants* because, in *McCants*, relief was not requested for delay in making the 48-hour probable cause determination,[6] or delay in the preparation of the 72-hour memorandum.[7] Consequently, the appellant in *McCants* sought additional credit based only on the failure to comply with the predecessor provisions of R.C.M. 305(i)(2), and no period for which relief was granted overlapped any other period.

In the case under review, the initial probable cause determination should have been made on or before 10 December 1998.[8] A written memorandum reflecting the basis for commander's determination as to probable cause and the necessity for continued pretrial confinement should have been completed on or before 11 December 1998.[9] The IRO hearing should have occurred on or before 14 December 1998.[10] All required events oc-

---

4. *United States v. Ballesteros*, 29 M.J. 14, 16 (C.M.A.1989); *United States v. DeLoatch*, 25 M.J. 718, 719, n. 3 (A.C.M.R.1987).

5. Manual for Courts-Martial, United States (1984 ed.), Ch. 3.

6. *County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991) (holding that judicial determination made within 48 hours fulfills "promptness" requirement articulated in *Gerstein*); *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (holding 4th Amendment, U.S. Constitution, requires prompt judicial determination of probable cause [to arrest] as a prerequisite for extended pretrial confinement following warrantless arrest); *United*

States v. Rexroat, 38 M.J. 292, 295 (C.M.A.1993) (holding 48-hour standard for determination of probable cause identified in *McLaughlin* applied to the military).

7. Indeed, the Court of Military Appeals held that any error caused by these procedural deficiencies was waived by the failure to raise them at trial. *McCants*, 39 M.J. at 93.

8. 48 hours after the appellant was confined.

9. 72 hours after the appellant was confined.

10. Seven days after the appellant was confined, counting both the day of initial confinement and the day of the hearing. *See* R.C.M. 305(i)(2).

curred on 15 December 1998. Appellate Exhibit III at 1, 3.

The probable cause determination not having occurred until 15 December, and there being no indication in the record of any military exigency preventing its fulfillment within 48 hours as required, additional administrative day-for-day credit was the appropriate relief. The military judge granted this relief. The concomitant failures to complete the 72–hour memorandum and the IRO hearing within the respective required times, however, did not contribute to the accused spending any more time confined, once the deficiencies were corrected, because all were corrected on the same day.[11]

The purpose of the time requirements of R.C.M. 305 is to ensure timely review of the decision to confine the accused. R.C.M. 305 is intended to afford the accused additional administrative day-for-day compensation for pretrial confinement served during a period of noncompliance with the review requirements. Noncompliance with separate requirements occurring simultaneously does not cause the accused to spend multiple days confined for each instance of noncompliance.

We believe granting credit for noncompliance consistent with this opinion will sufficiently deter commands from failing to comply with the requirements of R.C.M. 305, and will adequately compensate the pretrial confinee for any period of noncompliance. This dual goal of compensation and deterrence is achieved, consistent with our superior Court's holding in *Ballesteros*, by granting one day additional administrative credit for each day of noncompliance with the various R.C.M. 305 requirements until full compliance occurs. We hold that when simultaneous noncompliance with multiple provisions occurs on a single day, the pretrial confinee is adequately compensated and the command is sufficiently deterred by granting an additional day's credit against any adjudged sentence for each day spent in confinement from the date of the initial noncompliance until full compliance is achieved, or the accused is released from pretrial confinement.[12] *See United States v. Coburn*, 42 M.J. 609, 613 (N.M.Ct.Crim.App.1995).

Accordingly, we affirm the findings and the sentence as approved on review below.

Senior Judge LEO and Judge ANDERSON concur.

11. *Cf.* MANUAL FOR COURTS–MARTIAL, UNITED STATES, (1998 ed.), App. 21, at A21–20 (Analysis of R.C.M. 305(k)) ("Note that if one of the required steps is omitted, but the next step occurs within the time period for the omitted step, and pretrial confinement is otherwise valid, no credit is required.")

12. Thus, under the circumstances of this case, we would grant five days additional administrative credit, rather than the six days granted by the military judge. Clearly, however, the military judge's decision did not prejudice the accused and we do not disturb that decision here.