BAKER, Judge
(concurring in part and in the result):
At trial, appellant asked for relief for unlawful pretrial punishment in violation of Article 13, Uniform Code of Military Justice, 10 USC § 813.[1] In response, appellant received day-for-day credit from the military judge for the period he spent serving restriction ruled to be tantamount to confinement. See United States v. Mason, 19 MJ 274 (CMA 1985). However, he did not receive credit in accordance with RCM 305, Manual for Courts-Martial, United States (2000 ed.). On appeal, the Court of Criminal Appeals determined that in his motion before the trial court, appellant waived any claim to RCM 305 credit by relying only on Article 13.[2]
In my view, where a liberty interest is at stake, and based on these facts, I would not rely on a mechanical application of waiver. Appellant did not specifically assert a violation of the requirements imposed by RCM 305; however, appellant’s counsel did say:
The court must remind Captain Trotter that he cannot willy nilly impose restriction according to his mood. He needs to document and think through his decisions when he treats soldiers prior to trial.
I think actions speak louder than words in this case, ma’am. There was no written record to any of these conditions.... There was no attempt to review these con—conditions [sic],
(Emphasis added.)
In my view, appellant did enough to put the military judge on notice that he was seeking all appropriate credit for the period of his pretrial restraint, including RCM 305 credit. This assumes, of course, that one accepts the premise that RCM 305 credit is indeed due for pretrial restriction tantamount to confinement. In this regard, it is noteworthy that appellant did not specifically request Mason credit for pretrial restriction tantamount to confinement. Nonetheless, the military judge awarded appellant 136 days of Mason credit. Apparently, the military judge understood that appellant was asking for all appropriate credit due for the manner in which he was restricted prior to trial.
This view does not undo the holding in United States v. McCants, 39 MJ 91 (CMA 1994). In McCants, this Court held that the appellant waived credit for alleged violations of RCM 305(d) and (h) where he was in fact confined and specifically asked for credit under RCM 305(i). Fair enough, as that is precisely what RCM 305 contemplates—requirements for confinement. But the law applicable to appellant’s issue is not so clear *144 that we should hold defense counsel to the waiver standard imposed by the Court of Criminal Appeals and adopted by the majority. Indeed, while this Court has made an oblique suggestion that RCM 305 applies to eases of pretrial restriction tantamount to confinement, it has not expressly held so.[3]
Therefore, absent waiver, I must face the substantive issue. Is RCM 305 credit due for pretrial restriction tantamount to confinement? I am skeptical. First, if it is due, then it will likely be due in all cases of restriction tantamount to confinement. By definition, restriction tantamount to confinement presents the situation where the commander will not have applied RCM 305 because he or she believes an accused is in restriction and not in confinement—constructive or actual. Second, if it is always due, then why is it not obvious error for a military judge to grant Mason credit, but not address RCM 305? I think the better argument is that it is not due.
The relevant statutory language is found in RCM 305 under the subtitle “pretrial confinement” and not pretrial restraint generally. RCM 305(a) states that “[pjretrial confinement is physical restraint,” as distinct from restriction. See RCM 304(a)(2). The Discussion of 305(a) addresses confinement in terms of confinement facilities, and with reference to POWs, who are not likely to be restricted but, rather, confined. RCM 305(f), (h), (i), and (j) all seem to be triggered, and are understood to be triggered, by actual confinement. This is consistent with other sections of the Manual, like RCM 202(c)(2), which treats confinement and restriction as distinct concepts, and paragraph 102c, Part IV, where restriction is defined as a “moral restraint.” As a result, I would find it hard, absent persuasive executive practice, to find that the President intended pretrial restriction tantamount to confinement to receive double credit (ie., Mason credit and RCM 305 credit).
In my view, the military judge got the message—appellant was seeking whatever credit he was due. The military judge responded correctly by awarding appellant day-for-day Mason credit.

. Defense counsel stated: ”[H]is pretrial restriction ... was unlawful punishment. And in the meaning of Article 13 of the Uniform Code of Military Justice.... The terms of his restriction, as the company calls it, were unjust and unfair____ That is wrong, Your Honor, Article 13 of the Uniform Code of Military Justice says that it is wrong, and a significant sentence credit should be given to this soldier for what he suffered.”

. That court said: "[I]n the appellant’s case, the trial defense counsel did not specifically, substantively, or even implicitly request RCM 305(k) credit. Instead, he simply requested relief for illegal pretrial punishment, never asking for credit based on restriction tantamount to confinement or requesting additional credit based on procedural failures under RCM 305(h) and (i).” 53 MJ at 773.

. "[I]t appears that the Court of Military Review correctly concluded that restriction tantamount to confinement is a form of confinement to which RCM 305 ... applies.” United States v. Gregory, 23 MJ 246 (CMA 1986)(summary disposition).