# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

―――――――――――――

### No. 201600207

―――――――――――――

### UNITED STATES OF AMERICA
Appellee

v.

### MATTHEW A. HARRIS
Lance Corporal (E-3), U.S. Marine Corps
Appellant

―――――――――――――

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel David M. Jones, USMC.
Convening Authority: Commanding Officer, Marine Corps Air
Station Beaufort, SC.
Staff Judge Advocate's Recommendation: Major Brett R. Swaim,
USMC.
For Appellant: Lieutenant Jacob E. Meusch, JAGC, USN.
For Appellee: Major Kelli A. O'Neil, USMC; Lieutenant Commander
Justin C. Henderson, JAGC, USN.

―――――――――――――

Decided 15 August 2017

―――――――――――――

Before GLASER-ALLEN, MARKS, and FULTON, *Appellate Military
Judges*

―――――――――――――

**This opinion does not serve as binding precedent, but may be cited
as persuasive authority under NMCCA Rule of Practice and
Procedure 18.2.**

―――――――――――――

FULTON, Judge:

A military judge sitting as a general court-martial convicted the
appellant, in accordance with his pleas, of one specification each of attempted
robbery, desertion, and aggravated arson, in violation of Articles 80, 85, and

126, Uniform Code of Military Justice (UCMJ).[1] The military judge sentenced the appellant to eight years' confinement, reduction to pay grade E-1, forfeiture of all pay and allowances, and a dishonorable discharge. In accordance with a pretrial agreement, the convening authority suspended all confinement in excess of 72 months. The convening authority approved the sentence and, except for the punitive discharge, ordered it executed.

In his sole assignment of error, the appellant alleges that the military judge erred by granting him only 23 days of confinement credit where the government failed to comply with RULE FOR COURTS-MARTIAL (R.C.M.) 305(i)(2)(D), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) for 126 days. After careful consideration of the record of trial, the pleadings of the parties, and oral argument, heard on 6 April 2017 at George Mason University's Antonin Scalia Law School, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant occurred.[2]

## I. BACKGROUND

To avoid cleaning his on-base residence and paying for damages to it, the appellant burned his government quarters. Facing legal action for the arson, he deserted and attempted to rob a gas station.

On 12 May 2015, U.S. Marshals arrested the appellant and returned him to the military, at which time the appellant's commander placed him in pretrial confinement.[3] On 20 May 2015, the initial reviewing officer (IRO) conducted a hearing in accordance with R.C.M. 305(i)(2) and concluded that the appellant should remain in confinement.[4]

The IRO drafted a memorandum detailing his conclusion, attaching his factual findings to the memorandum as Enclosure (1).[5] The factual findings that supported continued confinement stated in their entirety: "Based on severity of the accusation Article 126 (Aggravated Arson) and Evidence of Desertion letter and 72-Hour letter and missing for 3-weeks."[6]

---

[1] 10 U.S.C. §§ 880, 885, and 926 (2012).

[2] Arts. 59(a) and 66(c), UCMJ.

[3] Record at 397.

[4] Appellate Exhibit (AE) XIX at 17-20.

[5] Record at 416-17; AE XIX at 2, 17-20.

[6] AE XIX at 20.

By 9 September 2015, the day of the arraignment, the appellant had received a copy of the IRO's memorandum. Enclosure (1), however, was not turned over to the appellant.

At arraignment, counsel for the appellant and the government submitted a draft trial management order. The parties were in agreement on the relevant milestones but had not yet agreed on a trial date. The parties agreed to litigate motions on 29 October. The draft order anticipated a second motions hearing on 2 December.

Defense counsel submitted a discovery request on 15 September 2015, asking for, among other things, copies of all R.C.M. 305 matters, "to include . . . the 7-day review officer's memorandum detailing his conclusions regarding any continued pretrial confinement and all factual findings on which they are based."[7] The government responded on 7 October 2015, saying in relevant part that, "Copies of . . . the 7-day review officer's memorandum detailing his conclusions any continued pretrial confinement will be provided."[8] Two days later, defense counsel emailed government counsel a list of discovery items that the defense counsel viewed as still outstanding. The list did not include the IRO's Memorandum or Enclosure (1).[9]

The parties again appeared before the military judge, as scheduled, on 29 October. Although the parties litigated several motions, defense counsel did not move to compel discovery of Enclosure (1). Neither party mentioned the IRO's memorandum or Enclosure (1) at the motions hearing.

Later, the parties agreed to forgo the Article 39(a), UCMJ, session scheduled for 2 December, as they had entered pretrial agreement negotiations.[10]

On 17 December 2015, the convening authority approved the appellant's pretrial agreement offer.[11] The pretrial agreement specified that defense counsel could file pretrial motions up until seven days before the court-martial.[12] On 12 January 2016, seven days before trial, the appellant filed a motion for confinement credit based on the government's failure to comply with R.C.M. 305(i)(2)(D), which requires the government to provide the IRO's

---

[7] AE V at 17; AE XIX at 2.

[8] AE V at 39.

[9] AE XIX at 24.

[10] Record at 217-18.

[11] AE XX at 7.

[12] Record 394; AE XX at 3.

findings to an accused on request.[13] On 16 January 2016, government counsel complied with R.C.M. 305(i)(2)(D) by providing the appellant with a copy of Enclosure (1).[14]

The appellant argued that he was entitled to 126 days of credit. This number reflects one day of credit for every day between (and including) the day the appellant's counsel requested the memorandum and the day he received Enclosure (1).

The military judge found that the government's failure to provide Enclosure (1) to the defense was a technical violation of R.C.M. 305(i)(2)(D).[15] But he declined to award the appellant a "windfall" by granting credit for all 126 days.[16] Instead, he awarded only 23 days of confinement credit—from 7 October 2015, when the government first responded to the defense discovery request, to 29 October 2015, the date of the first post-arraignment Article 39(a) session.[17]

## II. DISCUSSION

The appellant alleges that the military judge erred by refusing to award confinement credit for the full 126 days from the initial discovery request until the defense received Enclosure (1) shortly before trial. We review the military judge's determination for an abuse of discretion.[18] We review his findings of fact under a clearly erroneous standard.[19] Legal findings, including whether an appellant is entitled to pretrial confinement credit, are reviewed *de novo*.[20]

R.C.M. 305(i)(2)(D) requires that the IRO's written conclusions, including the factual findings on which they are based, be provided to the accused on request. If the government fails to comply with this provision, R.C.M. 305(k) sets forth the remedy: "an administrative credit against the sentence adjudged for any confinement served as the result of such noncompliance.

---

[13] AE XVIII at 1.

[14] AE XIX at 17.

[15] Record at 417-19.

[16] *Id.* at 420.

[17] *Id.*

[18] *United States v. Adcock*, 65 M.J. 18, 24 (C.A.A.F. 2007).

[19] *United States v. Diaz*, 61 M.J. 594, 602 (N-M. Ct. Crim. App. 2005), *aff'd on other grounds*, 64 M.J. 176 (C.A.A.F. 2006) (summary disposition).

[20] *United States v. Atkinson*, 74 M.J. 645, 647 (N-M. Ct. Crim. App. 2015) (citing *United States v. Smith*, 56 M.J. 290, 293 (C.A.A.F. 2002)).

Such credit shall be computed at the rate of 1 day credit for each day of confinement served as the result of such noncompliance."

The military judge agreed that the government was in technical violation of R.C.M. 305, but viewed the violation and the remedy through the lens of the discovery process. He found that the violation began when the government failed to include Enclosure (1) in its delivery of the IRO's memorandum. And he determined that the date of the Article 39(a) hearing—when the appellant might reasonably have been expected to move to compel discovery of Enclosure (1)—was the point at which the appellant could no longer remain silent and continue to harvest mounting day-for-day credit.

The appellant argues that the military judge erred by imposing "an additional, unwritten, and unjustified burden on [the appellant]—requiring the Defense to make repeated requests for a copy of the IRO's memorandum and factual findings in order to receive day-for-day credit[.]"[21] The appellant notes that the military judge "even went so far as to characterize this requirement as an 'affirmative duty,' stating, '[t]his court believes the defense had an affirmative duty . . . to bring it to the court's attention on 29 October."[22] Since nothing in the Rules for Courts-Martial requires an accused to repeatedly request these matters, the appellant argues that the military judge erred by holding his silence against him.

For its part, the government notes that the plain language of R.C.M. 305(k) provides for day-for-day credit for confinement served *as a result of* a violation. The government argues that since the appellant cannot demonstrate that he served any days in pretrial confinement as a result of the violation, he is not entitled to any days of credit against adjudged confinement.

Although we find the government's plain-language argument compelling, we are bound by precedent that functionally obviates the language "as a result of" from the rule. In *United States v. McCants*, defense counsel requested a copy of the IRO's pretrial review memorandum, and the IRO did not respond.[23] At trial, defense counsel requested day-for-day confinement credit based on, among other errors, the IRO's failure to provide the memorandum. The military judge declined, deferring to the convening authority the responsibility for determining the proper credit. On appeal, the Court of Military Appeals analysis was brief: the government failed to provide the memorandum, and the appellant was entitled to one day of credit

---

[21] Appellant's Brief of 4 Oct 2016 at 12.

[22] *Id.* (quoting record at 417) (alterations in the original).

[23] 39 M.J. 91, 93 (C.M.A. 1994)

for each day of noncompliance. Whether the appellant in *McCants* served any time confined *as a result of* the noncompliance, as would seem to be required by the plain language of the rule, was not mentioned as a consideration.[24]

Although *McCants* did not expressly consider whether the failure to provide the memorandum resulted in the appellant's confinement, neither did it expressly eliminate causality as a requirement for credit. If this were the extent of the case law on the matter, we might pause before deciding that the *McCants* holding represents such a substantial departure from the text of the rule. But this reading of *McCants*—and R.C.M. 305(k)—has taken root.

In *United States v. Plowman*,[25] we held that violations of separate provisions of R.C.M. 305 did not result in additional days of credit for each provision that the government violated. On the way to that holding, we specifically found that "[i]n the context of R.C.M. 305(k), we construe the phrase 'as a result of such noncompliance' to require additional administrative credit from the date when a required event should have occurred under R.C.M. 305 until the date the required event does occur."[26]

A year later, in *United States v. Moore*,[27] we interpreted *McCants* (and *Plowman*) to require day-for-day credit from the date when an event required by R.C.M. 305 should have occurred until the date the event did occur. We construed "as a result of such noncompliance" not to require prejudice in the form of confinement that would not have been served but for the error. Absent higher authority to the contrary, we will continue to follow this precedent and not require the appellant to show a causal link between the government's violation of R.C.M. 305 and his continued pretrial confinement.

But even though we continue to adhere to the general rule that an accused is entitled to day-for-day credit when R.C.M. 305 is violated, we do not find that the military judge abused his discretion in this case. The government was required to produce the IRO's memorandum upon the appellant's request. The text of R.C.M. 305, however, does not tell military judges precisely when the government's production of the IRO's memorandum is so dilatory as to violate the rule. By claiming 126 days of credit encompassing 15 September 2015 to 18 January 2016, the appellant seems to be of the view that the government began violating R.C.M. 305 from the moment he made the request. We disagree.

---

[24] *Id.* at 94.

[25] 53 M.J. 511 (N-M. Ct. Crim. App. 2000).

[26] *Id.* at 513.

[27] 55 M.J. 772, 788 (N-M. Ct. Crim. App. 2001).

Here, the appellant's request occurred after the military judge had assumed control of the case. The military judge is charged with exercising reasonable control over the proceedings to promote the purposes of the Rules for Courts-Martial.[28] To that end, the military judge issued a case management order that determined when the parties were to comply with their various obligations as the case moved toward trial. He and the parties also agreed to a deadline by which the parties were to submit motions for appropriate relief. Consistent with his role in ensuring a fair and orderly proceeding, the military judge's order urged counsel to "strive to litigate all ripe motions at the first motions date[.]"[29] Although the order was not formally signed by the judge until the day of the motions hearing, the record of trial makes plain that the parties understood that the military judge expected to litigate motions on 29 October.

The military judge expressed his reasoning at the time he gave his ruling. He recognized that neither party approached the issue with clean hands. He found that the appellant's counsel should have made the missing enclosure the subject of a motion at the 29 October Article 39(a) session. The military judge declined to call defense counsel's decision to accrue credit rather than compel compliance "gamesmanship," settling instead on "smart litigating."[30] But ultimately the military judge sensed that the appellant was using R.C.M. 305 as a sword rather than a shield, and that to permit the defense to prefer the remedy to actual compliance would be to grant an unwarranted "windfall."[31] The military judge granted 23 days of credit, representing day-for-day credit for the violation starting on the day the government delivered the incomplete IRO memorandum (7 October) and lasting through the date the appellant should have moved for production (29 October).

We find that this approach was not an abuse of the military judge's discretion. We have previously held that "[g]enerally, the doctrine of laches bars a claim if there is unreasonable delay and the government is prejudiced."[32] Without using the term, the military judge applied the doctrine of laches to, in the words of R.C.M. 102, "secure simplicity in procedure, [and] fairness in administration" of the court-martial. We disagree with the appellant's contention that the military judge's ruling created a requirement that the accused make "repeated requests" for matters under R.C.M. 305. The

---

[28] R.C.M. 801(a)(3).

[29] AE I at 2, n.v.

[30] Record at 420.

[31] *Id.*

[32] *Johnson v. United States*, 49 M.J. 569, 573-74 (N-M. Ct. Crim. App. 1998).

military judge was well-within his authority to expect the parties to litigate this motion on 29 October. We find that the military judge's ruling was an appropriate exercise of his responsibility to reasonably control the proceedings and to promote the purposes of the Rules for Courts-Martial.[33] Rather than comply with the agreed upon portions of the draft case management order and the military judge's stated expectations, defense counsel let the matter go unnoticed by the court until the days of potential credit had been maximized. While this approach may have represented "smart litigating," we find that the military judge did not abuse his discretion by declining to reward the appellant with the windfall.

## III. CONCLUSION

The findings and sentence are affirmed.


Chief Judge GLASER-ALLEN and Senior Judge MARKS concur.

For the Court


R. H. TROIDL
Clerk of Court

---

[33] *See* R.C.M. 801.

8